[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
FACTUAL BACKGROUND
This is an action for vexatious litigation brought by the plaintiff insurance company pursuant to General Statutes 52-568
against the defendants, former holders of a fire insurance policy written by the plaintiff, on the defendants' property, which was substantially damaged by fire and acts of vandalism on February 23, 1981.
Following the submission of a proof of loss to the plaintiff by defendants, the plaintiff denied the claim on the grounds of fraud and misrepresentation of material facts concerning the cause and origin of the fire and vandalism on the defendants' premises.
The defendants sued the plaintiff on the policy in the Waterbury Superior Court (#060874). The plaintiff's first special defense to the action alleged that the defendant Rosa had set the fire with intent to defraud the plaintiff and misrepresented the extent of the defendants' loss.
After a trial on the merits, the court (J. Healey, J.) filed a memorandum of decision and rendered judgment in favor of the plaintiff on all counts. An appeal to the Appellate Court affirmed the trial court's decision. (16 Conn. App. 684
(1988)).
Without reciting all of the factual details found by the court (see plaintiff's exhibit E), the pertinent portion of the opinion found by "clear and convincing proof" that Rosa had intentionally set fire to the insured premises and had inflated his expense estimate.
The Appellate Court affirmed the trial court's decision that "arson had been proved by the defendant."
The plaintiff has brought this vexatious litigation action CT Page 4696 alleging that the defendants, in bringing and prosecuting the action on the insurance policy, through judgment and subsequent appeal, is entitled to damages pursuant to General Statutes52-568.[1]
ISSUES
In order to prevail on its motion for summary judgment, the plaintiff must show that there is no genuine issue as to any material fact and that it, as the moving party, is entitled to judgment as a matter of law. Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573 (1990).
In order to prevail in this action for vexatious litigation such a conclusion as to the factual issue must be shown concerning (1) that the original action was initiated without probable cause; (2) was initiated and prosecuted maliciously; and (3) terminated in the plaintiff's favor. Vandersluis v. Weil,176 Conn. 353, 3S6 (1978).
Since the original action terminated in the plaintiff's favor, the questions herein are simply whether there is in fact any genuine issue of fact yet to be determined as to whether the defendants initiated their action without probable cause, and whether such initiation and prosecution was done maliciously.
The plaintiff asserts that since the court has conclusively found that the defendant Rosa intentionally burned down the subject of the insurance policy, and has admitted it pursuant to our rules of practice, (see request for admission, Pltf's Ex. 2, question 17), that no question remains, and it is conclusively established that defendants' action was done without probable cause and with malice.
The defendants have filed an affidavit disclaiming their role in the fire. They further rely on their assertion that they relied on their attorney's advice in commencing the action. See Vandersluis v. Weil, supra, 361.
This court must therefore determine to what extent the decisions of the trial court and Appellate Court in the underlying action, together with the defendants' admission, establish grounds for summary judgment in this case.
LAW AND CONCLUSION
The plaintiff relies on the doctrines of collateral estoppel or preclusion as well as res adjudicata in its assertion that the previous determinations by our courts that Rosa committed arson definitively establishes for the purpose of CT Page 4697 this litigation that the defendants' initiation of their initial suit against the plaintiff was done maliciously and without probable cause.
Preclusion and estoppel are doctrines established by our common law that prevent a party from relitigating an issue that has been determined in a prior suit. Gionfriddo v. Gartenhaus Cafe, 15 Conn. App. 392, 402 (1988), aff'd, 211 Conn. 67 (1989), Griffin v. Parker, 22 Conn. App. 610, 615 (1990).
Res adjudicata or claims preclusion is the doctrine that bars the "relitigation" of an issue of ultimate fact by the same parties upon a different cause of action. Morganti, Inc. v. Boehringer Ingelheim Pharmaceuticals, Inc., 22 Conn. App. 67, 72
(1989). The essential difference between the two doctrines is that res adjudicata involves claim preclusion while collateral estoppel involves issue preclusion. The effect of requiring mutuality is to limit the scope of collateral estoppel so that unless both parties were prior adversaries, they would not be bound in the second case. In this case, both doctrines would therefore apply if it can be determined that the issues were in fact litigated. Id. 72.
This court must inevitably conclude that the issue of probable cause has been litigated and determined in the prior litigation and as such does not exist in this case. The defendants' reassertion in their affidavit of non-feasance can be regarded in the light most favorable to them as inconsequential.
This court must next consider the question of malice and whether that remains as an issue of fact regarding this claim.
Within the context of vexatious litigation, malice may be inferred from the prosecution of a civil action without probable cause. Brodrib v. Doherstein, 107 Conn. 294, 295 (1928). Of course, the element of malice inexorably implicates questions of subjective intent, feelings and reactions. United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 376 (1969). The question, therefore, remaining is whether this court can conclude at this time that the non-existence of malice is an open question.
The defendants further assert, in support of this claim, the defense that advice of counsel is a conclusive shield to an action of malicious prosecution or vexatious suit when they relied on such advice in good faith. Vandersluis v. Weil, supra, 361. The defendants have filed an affidavit so stating.
This court must conclude, however, that the defendants' CT Page 4698 arguments are without merit. The act by one who commits arson and then sues to recover money under a fire insurance policy cannot be regarded as anything but malicious and criminal, and as such, precludes any genuine issue of material fact to be tried by the court.
As to the defense of advice of counsel, that doctrine only applies to one who has made a full and fair statement of all facts within his knowledge to the attorney on whom he relies. Id., 361. In this case, the defendants do not claim that they told their attorney that the defendant Rosa intentionally set the fire. On the contrary, that fact was withheld from the attorney. Under these circumstances, that defense is unavailable to the defendants.
For the above reasons, this court cannot find that any genuine issue as to any material fact exists in this case and, therefore, the plaintiff is entitled to summary judgment as a matter of law.
Judgment may enter accordingly and the matter set down for a hearing in damages.
FREED, J.