STATE OF CONNECTICUT *v.* MICHAEL J. MARSALA
(6088)

SPALLONE, O'CONNELL and STOUGHTON, Js.

Argued May 24—decision released August 29, 1989

*Burton M. Weinstein,* with whom, on the brief, was *Richard Emanuel,* for the appellant (defendant).

*Richard F. Jacobson,* assistant state's attorney, with whom, on the brief, were *Donald A. Browne,* state's attorney, and *Gary W. Nicholson,* assistant state's attorney, for the appellee (state).

SPALLONE, J. The defendant appeals from a trial court decision, rendered on remand, that the evidence seized pursuant to a defective warrant was admissible under the good faith exception to the exclusionary rule. The defendant claims that the trial court erred in finding that the police officers executing the warrant had a good faith belief in its validity. We disagree.

In October, 1986, the Monroe police executed a search warrant and seized evidence of drug trafficking from the defendant's home and person. The defendant was convicted, after a jury trial, of the crime of violating the state dependency producing drug law, General Statutes § 21a-278 (b). The defendant appealed from the judgment of conviction claiming that the trial court erred (1) in denying his motion to suppress evidence seized from his person, and (2) in denying his motion for judgment of acquittal on the grounds that the evidence was insufficient to establish his guilt beyond a reasonable doubt.

The pertinent facts and our determination of the issues raised are fully set forth in *State* v. *Marsala,* 15 Conn. App. 519, 545 A.2d 1151, cert. denied, 209 Conn. 816, 550 A.2d 1087 (1988). There, the defendant argued that the search that produced the evidence was conducted pursuant to an invalid warrant and that there was no legal justification for the warrantless search or arrest. The affidavit recited observations supplied by informants as the basis for probable cause to search the defendant's home and person, but contained nothing from which the issuing judge could have determined the basis of the informants' knowledge. Id., 522. We agreed with the defendant that the warrant was invalid, but remanded for a determination whether the good faith exception to the exclusionary rule adopted in *State* v. *Brown,* 14 Conn. App. 605, 543 A.2d 750 (1988), was applicable. *State* v. *Marsala,* supra, 526.

On remand, following an agreement between counsel not to offer any further evidence, the trial court specifically made factual findings regarding whether the case fit within any of the four situations that would except it from the application of the exclusionary rule. See *United States* v. *Leon,* 468 U.S. 897, 923, 104 S. Ct. 3405, 82 L. Ed. 2d 677 (1984); *State* v. *Brown,* supra, 635. The trial court reached the following conclusions: (1) the magistrate issuing the warrant relied on an affidavit devoid of deliberate or reckless falsehoods; (2) the magistrate did not abandon his judicial role; (3) the police officers had a reasonable belief in the validity of the warrant; and (4) the affidavit and application described with particularity the places to be searched and the items to be seized. The defendant does not contest findings one, two or four. He challenges, however, the trial court's finding "that the police officer did have reasonable belief that the warrant was valid in accordance with *Brown* v. *Illinois,* [422 U.S. 590, 610–11, 95 S. Ct. 2254, 45 L. Ed. 2d 416 (1975) (Powell, J., concurring)]." The sole question now before us is whether the trial court erred in concluding on remand that the officers executing the warrant acted in objectively determinable good faith and that, therefore, the "good faith" exception to the exclusionary rule applied.

As a threshold matter, we must determine the applicable standard of review of the trial court's conclusion. Although there are no Connecticut cases that specifically set forth a standard to guide our review of a finding of "objective good faith," there are numerous federal cases that address this issue. In *United States* v. *Hendricks,* 743 F.2d 653, 656 (9th Cir. 1984), cert. denied, 470 U.S. 1006, 105 S. Ct. 1362, 84 L. Ed. 2d 382 (1985), the court stated that a trial court's determination of objective good faith under *Leon* is "subject to de novo review as a mixed question of fact and

law." See also *United States* v. *Accardo,* 749 F.2d 1477, 1481 (11th Cir.), cert. denied sub nom. *Pinckard* v. *United States,* 474 U.S. 949, 106 S. Ct. 314, 88 L. Ed. 2d 295 (1985) ("ultimate question of good faith vel non is a legal issue"); *United States* v. *Sager,* 743 F.2d 1261, 1265 (8th Cir. 1984), cert. denied, 469 U.S. 1217, 105 S. Ct. 1196, 84 L. Ed. 2d 341 (1985) (*Leon* standard akin to application of new legal criterion to same facts and therefore issue may be addressed for first time on appeal).

Because the fundamental fourth amendment right to be free from unreasonable searches and seizures is implicated, we approve the federal standard. Accordingly, we hold that the issue of the objective reasonableness of the executing officer's reliance on a search warrant, even if the affidavit supporting the warrant was insufficient to establish probable cause, is a question of law reviewable de novo by this court. The underlying facts upon which that determination is based are, however, binding on appeal unless clearly erroneous. Practice Book § 4061; *United States* v. *Maggitt,* 778 F.2d 1029, 1035 (5th Cir. 1985).

We had previously determined that the executed affidavit and the application for the search warrant "lacked the indicia of probable cause." *State* v. *Marsala,* supra, 526. We must now determine whether the absence of probable cause was so apparent that the officers "could not have harbored an objectively reasonable belief in the existence of probable cause." *United States* v. *Leon,* supra, 926.

*Leon* establishes a standard against which the executing officer's behavior is to be measured. The officer's reliance on an affidavit for a warrant cannot be "entirely unreasonable." *United States* v. *Leon,* supra, 923. Under *Gates* v. *Illinois,* 462 U.S. 213, 246, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983), it is sufficient if

the executing officer has a "substantial basis" for concluding that there is a "fair probability" that the evidence would be found. The issue of reasonableness must be determined without regard to the fact that a magistrate approved the warrant application. *Malley* v. *Briggs,* 475 U.S. 335, 345–46, 106 S. Ct. 1092, 89 L. Ed. 2d 271 (1986).

In determining whether the executing officers in this case could have had a reasonable belief in the validity of the warrant, despite the fact that it was unsupported by probable cause, we look to the affidavit, the warrant and the specific facts and circumstances. *United States* v. *Martin,* 833 F.2d 752, 757 (8th Cir. 1987) (Lay, C. J., concurring). Our examination of the affidavit[1] reveals that, facially, it contains facts sufficient to raise a close question regarding the existence of probable cause. We see nothing that renders the affidavit so obviously defective, however, that the executing officers should be charged with notice of invalidity. The drive-by surveillances made by the police officers corrobo-

---

[1] The affidavit supporting the application for a search and seizure warrant recited the following information. On September 5, 1986, a named police officer from Trumbull notified the Monroe police that the defendant was involved in the sale of cocaine and other illegal drugs. A resident of Swendsen Drive had also reported to the Monroe police that he had observed what appeared to be drug trafficking at 154 Swendsen Drive, the defendant's residence. This neighbor observed a bearded man come from the house to engage in transactions with the drivers of a series of vehicles parked at the curb in front of the house. This activity was described as "heavy," with vehicles coming and going throughout the day and evening. The Monroe police made similar observations on "drive-by" surveillances over a period of time. A confidential informant spoke to the Monroe police on September 15, and September 29, 1986, about drug dealing at the defendant's address and supplied a list of the registration numbers of vehicles frequently seen there in curbside transactions with the man from the house. Additional information was supplied on September 23, 1986, to one of the affiant police officers by another officer whose own informant spoke of a man named Mike on Swendsen Drive who sold cocaine in front of his home. The following day, another resident of Swendsen Drive phoned this affiant officer to express concern about the activity at 154 Swendsen Drive.

rated the information contained in the warrant and its supporting documents. The warrant itself is not a "bare bones" document so devoid of facts that reliance on it by a well trained police officer must be deemed unreasonable. See *United States* v. *Leon,* supra, 915.

Accordingly, our review of the record and transcripts leads us to find that the executing officers had a reasonable belief in the validity of the warrant. The trial court so found and our independent review of the evidence in this case leads us to affirm the trial court's finding, on remand, that the officers executed the warrant in objective good faith. The trial court did not err in finding that the evidence seized under the defective warrant was admissible pursuant to the good faith exception to the exclusionary rule.

There is no error.

In this opinion the other judges concurred.