## STATE OF CONNECTICUT *v.* TIMOTHY BARTON
### (7869)
### (7870)

SPALLONE, DALY and NORCOTT, Js.

Argued January 4—decision released June 19, 1990

*Susan C. Marks,* assistant state's attorney, with whom, on the brief, were *Frank S. Maco,* state's attorney, *John Dropick,* assistant state's attorney, and *Michael E. O'Hare,* special attorney, for the appellant (state).

*Walter H. Scanlon,* for the appellee (defendant).

DALY, J. The defendant was charged in a substituted information with possession of over one kilogram of marihuana with intent to sell in violation of General Statutes § 21a-278 (b) and possession of four ounces or more of marihuana in violation of General Statutes § 21a-279 (b).[1] The defendant filed a motion to suppress the marihuana that was seized from the first floor apartment of 232 Perch Rock Trail, Winsted. He claimed that the affidavit in support of the application for the search warrant did not establish probable cause to believe that marihuana, in fact, was within these premises. The trial court, *Moraghan, J.,* granted the motion to suppress, and denied the state's motion to reargue the motion to suppress and motion for articulation. The charges were then dismissed with prejudice. With the permission of the trial court, the state appealed from the judgment of dismissal.

The state challenges (1) the trial court's conclusion that the warrant affidavit failed to establish probable cause, and (2) the court's failure to apply the good faith

---

[1] This opinion will discuss only Appellate Court Docket No. 7870. In this case, the defendant was charged as indicated in the text as a result of the evidence seized from his apartment. The state was also given permission to appeal the dismissal with prejudice of identical charges of possession of over one kilogram of marihuana with intent to sell and possession of four ounces or more of marihuana that were the subject of Docket No. 7869. These charges were filed as a result of seizure of marihuana from a search of a car in which the defendant had arrived at the time of his arrest. The defendant filed a motion to suppress the material of that search and a joint hearing was held in which neither side presented witnesses. The trial court granted the defendant's two motions to suppress but gave the state permission to appeal from both motions. The state's motion to consolidate these two appeals was granted. The state, however, has briefed only the issue of the validity of the search warrant as it pertains to the seizure of items from the defendant's apartment. Because the state has failed to brief any issues pertaining to Docket No. 7869, the state's appeal as to that docket number is deemed abandoned and we, therefore, dismiss it. See *Alderman* v. *RPM of New Haven, Inc.,* 20 Conn. App. 566, 569 n.1, 568 A.2d 1068 (1990). Thus, this opinion will refer only to Docket No. 7870.

exception to the exclusionary rule to the evidence seized from the apartment at issue. We affirm the judgment of the trial court.

The relevant facts are as follows. On August 7, 1988, the Winsted police department obtained a search and seizure warrant authorizing them to search the premises described as the first floor apartment at 232 Perch Rock Trail, Winsted, and the person of the defendant. The police executed the warrant later that day. When they arrived at the premises, the defendant was not at the apartment, but they were able to obtain a key from the owner who lived on the second floor. Upon entry, they found fifty-two pounds of marihuana in a bedroom. It was wrapped in small clear plastic bags and kept in large garbage bags. The defendant returned to the apartment shortly after midnight and the police apprehended him.[2]

The defendant filed a motion to suppress the material seized pursuant to the search warrant, claiming that the search and seizure violated his rights under article first, § 7, of the Connecticut constitution and the fourth amendment to the United States constitution. The trial court granted the motion to suppress finding (1) that the affidavit in support of the search warrant did not adequately set forth the unnamed informant's basis of knowledge and, as a result, the warrant lacked probable cause, and (2) that the state failed to establish an adequate record for upholding the search under the good faith exception to the exclusionary rule of the fourth amendment.

I

On appeal, the state first challenges the trial court's finding that the affidavit lacked probable cause. Spe-

[2] The police also subsequently searched the car in which the defendant had arrived. This search was the subject of Docket No. 7869 and any issues relating to the validity of that search were abandoned by the state on appeal. See footnote 1, supra.

cifically, the state argues that the court should not have concluded that the affidavit failed to state adequately the informant's basis of knowledge in that (1) the informant provided detailed information that permitted an inference that the information he described was obtained by personal observation, (2) the informant provided information in close proximity to the alleged criminal activities, and (3), because this is arguably a close case, great deference should be given to the issuing magistrate's determination that probable cause existed on the face of the warrant. We do not agree.

As noted by the trial court, this affidavit consisted of five paragraphs, four of which had minimal significance. The first two paragraphs addressed the experience and training of the affiants, the fourth paragraph indicated who owned the property that was the subject of the search and described that property, and the fifth was a conclusionary paragraph.[3] Thus, as the trial

---

[3] Paragraphs one, two, four and five of the search warrant affidavit state:

"1. That the affiant Officer Gerald J. Peters is a regular member of the Winsted Police Department and has been for the past (18) years. In 1977 Officer Peters was assigned to the Regional Crime Squad under the supervision of Sergeant Joseph Mancini of the Waterbury Police Department. In that capacity Officer Peters worked in an undercover capacity and was responsible during that period for numerous narcotics violations which led to numerous arrest and convictions. On November 10, 1980 Officer Peters was assigned to the Statewide Narcotics Force-Central Division-as an under cover agent. From this period of time Officer Peters has been involved in numerous investigations involving illicit narcotics which have led to arrest. Between both assignments Officer Peters spent a total of (22) months in the field of illicit narcotic investigations in an under cover capacity, and since then has made numerous arrests for narcotics violations.

"2. That the affiant Officer William Mathiasen is a regular member of the Winsted Police department and has been for the past 9 years. Officer Mathiason in the past 9 years has been involved in numerous illegal drug investigations, which have led to arrest and convictions. Officer Mathiasen also received training at the Connecticut Municipal Police Academy in Meriden, Connecticut on illegal narcotics.

"4. That this affiant states that an investigation of 232 Perch Rock Trail reveals that the property is owned by Mr. and Mrs. Andrew Benjamin and

court properly found, the only basis upon which probable cause could have been established is paragraph three. That paragraph states: "That the affiants state on Sunday, August 7, 1988 Sgt. Gerald O. Peters received information from a confidential informant at police headquarters pertaining to Tim Barton who resides at 232 Perch Rock Trail, Winsted, Connecticut, first floor that Barton has in his apartment a large quantity of marijuana in plastic garbage bags, which are kept in a closet. That the informant also provided Sergeant Peters of [sic] a sample of the marijuana that is in the bags. A field test of the marijuana substance that was provided to Sgt. Peters was field tested and the test results was [sic] positive for cannibas substance. The informant further stated that Tim Barton operates a Texas registered vehicle and after being away for approximately one week Barton returned home on Saturday, August 6, 1988 and unloaded several large plastic bags in the evening hours. The informant further stated that shortly after that four to five people arrived at the Barton apartment and stayed a short while and then left with plastic garbage bags."

"The fourth amendment to the United States constitution provides that 'no warrants shall issue, but upon probable cause, supported by oath or affirmation.' See also Conn. Const., art. I, § 7 ('no warrant to search any place, or to seize any person or things, shall issue without . . . probable cause supported by oath or affirmation')." *State* v. *DeChamplain,* 179 Conn. 522, 526, 427 A.2d 1338 (1980).

that they reside on the second floor the home is green in color with wood siding and has a light colored roof with entrances to the Barton apartment front, rear, and side.

"5. That based on the experience and training of the affiant the affiant believes that large quantities of illegal narcotics (marijuana) are located within the premises of the Tim Barton apartment first floor 232 Perch Rock Trail, Winsted, Connecticut. That based on the above information the affiant respectfully request the issuance of a search warrant for the Tim Barton apartment 232 Perch Rock Trail, Winsted, Connecticut, first floor."

"In reviewing an affidavit for a search and seizure warrant we must ascertain whether the facts in the affidavit are sufficient to justify an independent determination by a neutral and detached issuing judge that the necessary probable cause exists for the issuance of a warrant. . . . The judge is entitled to rely on his own common sense and the dictates of common experience, although the standard for determining probable cause is an objective one. . . . Purely conclusory affidavits by the affiant or informant that he or she believes that probable cause exists, however, cannot be relied upon; the underlying circumstances upon which that belief is based must be detailed in the affidavit. . . . The issuing judge must not merely serve as a rubber stamp for the police." (Citations omitted.) Id., 527–28.

"Probable cause to search exists if: (1) there is probable cause to believe that the particular items sought to be seized are connected with criminal activity or will assist in a particular apprehension or conviction . . . *and* (2) there is probable cause to believe that the items sought to be seized will be found in the place to be searched." (Emphasis in original.) *State* v. *Morrill,* 205 Conn. 560, 564–65, 534 A.2d 1165 (1987). "In considering the sufficiency of the affidavit, we confine ourselves 'to the facts which appear on the face of the affidavit or which properly may be inferred therefrom.' " *State* v. *DeChamplain,* supra, 531.

In *State* v. *Kimbro,* 197 Conn. 219, 233, 496 A.2d 498 (1985), our Supreme Court determined that article first, § 7, of the state constitution affords more substantive protections against unreasonable searches and seizures than the fourth amendment to the federal constitution. In that case, the court reviewed the magistrate's finding of probable cause under the two pronged *Aguilar-Spinelli*[4]

---

[4] *Aguilar* v. *Texas,* 378 U.S. 108, 84 S. Ct. 1509, 12 L. Ed. 2d 723 (1964); *Spinelli* v. *United States,* 393 U.S. 410, 89 S. Ct. 584, 21 L. Ed. 2d 637 (1969).

test. The same test has been applied to judicial review of search warrants. See *State* v. *Morrill,* supra, 565.

"The *Aguilar-Spinelli* test . . . consists of two prongs: ' " 'The issuing [judge] must be informed of (1) some of the underlying circumstances relied on by the person providing the information to the affiant; and (2) some of the underlying circumstances from which the affiant concluded (a) that the informant, whose identity need not even be disclosed, was credible, or (b) that his information was reliable.' " ' " Id., 566; see also *State* v. *Ruscoe,* 212 Conn. 223, 228–29, 563 A.2d 267 (1989), cert. denied, 493 U.S. 1084, 110 S. Ct. 1144, 107 L. Ed. 2d 1049 (1990).

"The first prong of the test, often referred to as the 'basis of knowledge' prong, examines the information provided by the informant to determine if it 'relate[s] sufficient facts from which a judge reasonably could conclude that the [informant] based [his] allegations of criminal activity on sufficient underlying circumstances.' " *State* v. *Morrill,* supra. On the basis of our examination of the affidavit, we agree with the trial court that the "basis of knowledge" requirement was not satisfied.

In *State* v. *DeChamplain,* supra, 532, our Supreme Court upheld the trial court's decision to suppress marihuana seized from the defendant's apartment on the basis that the warrant failed to set forth sufficient underlying circumstances to support the conclusion that there was probable cause to believe that marihuana was located in the apartment in question. Similarly, we hold that the affidavit in the present case failed to set forth the informant's basis of knowledge that marihuana was located in the defendant's apartment, particularly at the time the warrant was executed.

The affidavit contained no statement to the effect that the informant was ever in the defendant's apart-

ment. See id. Nor did it set forth facts observed or perceived by the informant from which the presence of marihuana in the defendant's apartment reasonably could have been inferred. Id.

One isolated incident in which the informant stated that he observed the defendant remove plastic garbage bags from a car with Texas registration and carry them inside a building where his apartment was located, followed by the informant's observation that several people subsequently entered the building and left with plastic garbage bags, in and of itself, suggests no criminal activity. See id., 533. Regardless of how close in time this incident occurred, it is insignificant because it describes an innocuous event. Cf. *United States* v. *Martinez-Torres,* 556 F. Supp. 1236, 1248 (S.D.N.Y. 1982) aff'd sub nom. *United States* v. *Calvente,* 722 F.2d 1019 (2d Cir. 1983).

The fact that the affidavit stated that the informant provided the affiants with a sample of marihuana that was allegedly obtained at some unstated time from plastic garbage bags that were allegedly kept in a closet at the defendant's apartment does not constitute a sufficient underlying basis to conclude that the marihuana was purchased at the defendant's apartment. The affidavit contained no statement by the informant as to where this marihuana was purchased. Cf. *State* v. *Brown,* 14 Conn. App. 605, 611, 543 A.2d 750, cert. denied, 208 Conn. 816, 546 A.2d 283 (1988). Nor did the affidavit set forth any underlying circumstances to suggest that the informant had personal experience buying marihuana from the defendant at his apartment; cf. id., 616; or that the defendant had been actively involved in the sale of marihuana and that the informant had observed the defendant constantly in possession of marihuana at the apartment. Cf. *State* v. *Garcia,* 7 Conn. App. 354, 359, 508 A.2d 824 (1986). Further, the informant gave no accurate description of the

defendant's apartment; cf. *State* v. *Morrill,* supra, 566–67; he merely alleged that the defendant had marihuana in a closet in the apartment.

"We recognize that 'in judging probable cause issuing magistrates are not to be confined . . . by restrictions on the use of their common sense, and that their determination of probable cause should be paid great deference by reviewing courts.' *Spinelli* v. *United States,* [393 U.S. 410, 419, 89 S. Ct. 584, 21 L. Ed. 2d 637 (1969)]. Nonetheless, the distinction between probable cause and mere conjecture still exists. '[T]he grounds for a search must satisfy *objective* standards which ensure that the invasion of personal privacy is justified by legitimate governmental interests.' (Emphasis added.) *Torres* v. *Puerto Rico,* 442 U.S. 465, 471, 99 S. Ct. 2425, 61 L. Ed. 2d 1 (1979)." *State* v. *DeChamplain,* supra, 533.

The affidavit at issue relied solely on the informant's tip. There was no independent police corroboration. Therefore, we must strictly apply the *Aguilar-Spinelli* test that requires that in order for the warrant to meet the probable cause requirement, both prongs of the test must be met. Cf. *State* v. *Delmonaco,* 194 Conn. 331, 340–41, 481 A.2d 40, cert. denied, 469 U.S. 1036, 105 S. Ct. 511, 83 L. Ed. 2d 401 (1984). In view of our holding that the first prong of *Aguilar-Spinelli* has not been met, we need not proceed further in determining whether the second prong or the "veracity prong" was satisfied. Because the affidavit did not adequately set forth the informant's basis of knowledge, the warrant must fail.

## II

The state next argues that even if this warrant lacked probable cause under the *Aguilar-Spinelli* test, the police relied upon it in good faith and, therefore, the

evidence should have been admitted under the good faith exception to the exclusionary rule. We disagree.

The question of whether, under article first, § 7, of the Connecticut constitution, there is a good faith exception to the exclusionary rule has not yet been resolved by our Supreme Court.[5] Nevertheless, this court has recognized a good faith exception. See *State* v. *Marsala,* 19 Conn. App. 478, 563 A.2d 730, cert. granted, 213 Conn. 805, 567 A.2d 836 (1989); *State* v. *Morrissey,* 18 Conn. App. 658, 664, 560 A.2d 471, cert. granted, 212 Conn. 821, 565 A.2d 541 (1989); *State* v. *Marsala,* 15 Conn. App. 519, 526, 545 A.2d 1151, cert. denied, 209 Conn. 816, 550 A.2d 1087 (1988); *State* v. *Brown,* supra.

Because the Supreme Court has yet to resolve the question, "the only analysis that we have available to us is the federal analysis, which this court employed in *State* v. *Brown,* supra." *State* v. *Johnson,* 21 Conn. App. 40, 51 n.11, 571 A.2d 134 (1990). Applying *Brown* and its progeny, we conclude that the good faith exception would not apply to the present case.

The federal rule is that the good faith exception does not apply " '(1) where the issuing magistrate was misled within the standards of *Franks* v. *Delaware,* 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978), (2) where the magistrate wholly abandoned his judicial role, as

---

[5] We note that our Supreme Court has certified the issue of whether this state recognizes the good faith exception to the exclusionary rule in the following cases: *State* v. *Morrissey,* 18 Conn. App. 658, 560 A.2d 471, cert. granted, 212 Conn. 821, 565 A.2d 541 (1989) ("Did the Appellate Court err in remanding this case for a factual determination concerning the reasonableness of the police officer's search in reliance upon its decision in *State* v. *Brown,* 14 Conn. App. 605, holding that there is a good faith exception to the exclusionary rule under article first, § 7, of the Connecticut constitution?"); *State* v. *Marsala,* 19 Conn. App. 478, 563 A.2d 730, cert. granted, 213 Conn. 805, 567 A.2d 836 (1989) ("Does a good faith exception to the exclusionary rule exist under Connecticut law . . . ?"); see *State* v. *Johnson,* 21 Conn. App. 40, 571 A.2d 134 (1990).

in *Lo-Ji Sales, Inc.* v. *New York,* 442 U.S. 319, 99 S. Ct. 2319, 60 L. Ed. 2d 920 (1979), (3) where the warrant was so lacking in indicia of probable cause that the police officers could not have a reasonable belief in its validity; see *Brown* v. *Illinois,* 422 U.S. 590, 610–11, 95 S. Ct. 2254, 45 L. Ed. 2d 416 (1975) (Powell, J., concurring); and (4) where the warrant was so facially deficient in its lack of particularity, regarding the place to be searched or the things to be seized, that the executing officer could not reasonably presume it to be valid. *United States* v. *Leon,* [468 U.S. 897, 913, 104 S. Ct. 3405, 82 L. Ed. 2d 677 (1984)].' " *State* v. *Johnson,* supra, 51–52.

On the record before us, the affidavit falls within the third class of cases; namely "whether the absence of probable cause was so apparent that the officers 'could not have harbored an objectively reasonable belief in the existence of probable cause.' " *State* v. *Marsala,* supra, 19 Conn. App. 478, 481, quoting *United States* v. *Leon,* supra, 926.

The trial court determined that the state, in relying only on the face of the affidavit and not presenting further evidence, failed to meet its burden of proving that the police officers' reliance on the warrant was objectively reasonable.[6] On appeal, the appropriate standard of reviewing a trial court's determination of whether the good faith exception applies in a given case is " 'subject to de novo review as a mixed question of fact and law. . . . [T]he issue of the objective reasonableness of the executing officers' reliance on a search warrant,

---

[6] Specifically, the trial court stated in its memorandum of decision, "The State, for reasons known only to itself, neither argued for nor presented the requisite evidentiary hearing addressing the factual and legal issues which must be decided on an ad hoc basis if we are to comport with [*State* v. *Brown,* 14 Conn. App. 605, 543 A.2d 750, cert. denied, 208 Conn. 816, 546 A.2d 283 (1988)]. That failure is fatal to its attempt to invoke the saving graces of the good faith exception."

even if the affidavit supporting the warrant was insufficient to establish probable cause, is a question of law reviewable de novo by the court. The underlying facts upon which that determination is based are, however, binding on appeal unless clearly erroneous." *State* v. *Marsala,* supra, 19 Conn. App. 478, 480–81.

The standard of measuring an officer's behavior is reasonableness. See id. The issue of reasonableness must be determined without regard to the fact that a magistrate approved the warrant application. Id., 482.

In the present case, our examination of the affidavit reveals that the trial court did not err in concluding that this warrant lacked probable cause to search the premises. We conclude that the affidavit is a "bare bones" document so devoid of facts that reliance on it by a well trained police officer must be deemed unreasonable. See *State* v. *Johnson,* supra; cf. *State* v. *Marsala,* 19 Conn. App. 478, 483.

The appeal is dismissed in the first case; the judgment is affirmed in the second case.

In this opinion the other judges concurred.