STATE OF CONNECTICUT *v.* DONALD PAYNE
(8993)

NORCOTT, LANDAU and CRETELLA, Js.

Argued December 4, 1990—decision released August 13, 1991

*Thomas M. Conroy,* special public defender, for the appellant (defendant).

*Harry Weller,* assistant state's attorney, with whom were *Ronald Fasano,* former assistant state's attorney, and, on the brief, *Michael Dearington,* state's attorney, for the appellee (state).

NORCOTT, J. The defendant appeals from the judgment of conviction that followed his conditional pleas of nolo contendere to two counts of burglary in the first degree in violation of General Statutes § 53a-101 (a) (2) and two counts of robbery in the second degree in violation of General Statutes § 53a-135 (a) (1). The dispositive issue in this case is whether, under the Connecticut constitution, the question of probable cause is to be determined by the totality of the circumstances analysis set out in *Illinois* v. *Gates,* 462 U.S. 213, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983), or by the stricter two-pronged test of the *Aguilar-Spinelli*[1] cases as previously adopted by our Supreme Court in *State* v. *Kimbro,* 197 Conn. 219, 496 A.2d 498 (1985).

The following facts are relevant to our discussion of this issue. On June 24, 1989, New Haven police officers searched the defendant's Sheffield Avenue apartment pursuant to a search warrant that had been issued in connection with their investigation of a series of burglaries that had taken place in the city's Prospect

---

[1] *Aguilar* v. *Texas,* 378 U.S. 108, 84 S. Ct. 1509, 12 L. Ed. 2d 723 (1964); *Spinelli* v. *United States,* 393 U.S. 410, 89 S. Ct. 584, 21 L. Ed. 2d 637 (1969).

Street section. In the affidavit that was attached to the warrant Detective Mel Cartoceti and Officer Edwin Ingraham stated that a "known and reliable informant" had named the defendant as one of two individuals that were burglarizing homes in the Prospect Street area. Police seized several items from the defendant's apartment that were connected with two of the burglaries, and the defendant was subsequently arrested and charged with two counts of burglary in the first degree in violation of General Statutes § 52a-101 (a) (2), two counts of robbery in the second degree in violation of General Statutes § 53a-135 (a) (1) and two counts of kidnapping in violation of General Statutes § 53a-92 (a) (2) (B).

On December 12, 1989, the defendant filed a motion to suppress the items seized from his apartment. At the hearing on the motion, the state conceded that the warrant and supporting affidavit did not meet the requirements of *Aguilar-Spinelli,* but argued instead that the warrant should be upheld because the officers executing it relied in good faith on the judge's endorsement. See *United States* v. *Leon,* 468 U.S. 897, 104 S. Ct. 3405, 82 L. Ed. 2d 677 (1984). The trial court agreed, and the defendant subsequently entered pleas of nolo contendere to four of the counts conditioned on the reservation of his right to appeal the trial court's denial of his motion to suppress.

The defendant instituted this appeal on March 23, 1990, initially claiming that the trial court improperly found a good faith exception to the exclusionary rule under the Connecticut constitution. After the defendant had filed his brief, our Supreme Court decided this issue in *State* v. *Marsala,* 216 Conn. 150, 151, 579 A.2d 58 (1990), holding that "a 'good faith' exception to the exclusionary rule is incompatible with the constitution

of Connecticut . . . ." Accordingly, on September 19, 1990, this court allowed the state to file a statement of alternative grounds. Practice Book § 4013 (a) (1). In its statement, the state asserts, in pertinent part, that (1) the *Gates* totality of the circumstances test should be used to determine probable cause for the issuance of a warrant in all cases where the warrant is based on informant information and, alternatively, (2) the *Gates* test should be used at least in those cases where an informant's tip is not the basis for initiating a police investigation but instead is used to identify suspects and corroborate facts.

Our decision in this case is controlled by our Supreme Court's recent rulings in *State* v. *Johnson,* 219 Conn. 557, 594 A.2d 933 (1991), and *State* v. *Barton,* 219 Conn. 529, 594 A.2d 917 (1991). In those cases, the court overruled its previous holding in *Kimbro* and found that "the 'totality of the circumstances' analysis adopted in *Gates* will continue to guarantee the people of Connecticut 'the full panoply of rights' that they have come to expect as their due." *State* v. *Barton,* supra, 546. "Under that analysis, the task of a magistrate in determining the existence of probable cause to search is to make a practical, nontechnical decision whether, given all the circumstances set forth in the warrant affidavit, including the 'veracity' and the 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. *State* v. *Barton,* supra, 552. When an affidavit indicates that the police have relied on information from a confidential informant, 'the magistrate should examine the affidavit to determine whether it adequately describes both the factual basis of the informant's knowledge and the basis on which the police have determined that the information is reliable. If the warrant affidavit fails to

state in specific terms how the informant gained his knowledge or why the police believe the information to be trustworthy, however, the magistrate can also consider all the circumstances set forth in the affidavit to determine whether, despite these deficiencies, other objective indicia of reliability reasonably establish that probable cause to search exists. In making this determination, the magistrate is entitled to draw reasonable inferences from the facts presented.' Id., 544." *State* v. *Johnson,* supra, 563.

We must now consider the affidavit presented in this case in light of these standards.[2] The affidavit stated that Sergeant William White of the New Haven police department had learned from a "known and reliable informant" that the defendant was one of two black males who had taken part in a series of burglaries that the department was investigating. The informant told White that the burglaries had taken place in the Prospect Street section of New Haven and that the burglars had used gloves and masks and had taken jewelry and in one instance a television set. According to the affidavit, this information was in agreement with what the police had already learned in the course of their investigation of the burglaries. The affidavit also stated that the informant gave White the second burglar's address and told him that the man lived with a woman named Priscilla and that he may have sold some of the stolen items to the Reverend Kimber of the Pitts Chapel. A check with United Illuminating Company confirmed that Priscilla Langley was receiving electric services at the address given by the informant. The New Haven police records also showed that a domestic dispute had been reported at that address between the second man

---

[2] We follow the lead of the Supreme Court in *Barton* and *Johnson* and review the warrant and accompanying affidavit under *Gates. State* v. *Johnson,* 219 Conn. 557, 563, 594 A.2d 933 (1991); *State* v. *Barton,* 219 Conn. 529, 546, 594 A.2d 917 (1991).

named by the informant and his girl friend, Priscilla Langley. Finally, although Kimber denied having bought any items from the second man named, he admitted that he knew the man and told the police that the man had worked for him as a maintenance worker but had recently been released from the job because of problems.

It is clear that the affidavit at issue in this case did not expressly state the informant's basis of knowledge or the basis on which the police believed the informant to be reliable. It did, however, provide a substantial basis for the trial court to infer that the informant's information was reliable. The affidavit stated that each piece of information given by the informant either confirmed what was already known by the police or was subsequently confirmed by the police. We accordingly affirm the judgment of the trial court.

The judgment is affirmed.

In this opinion the other judges concurred.