State of Connecticut v. Michael J. Marsala
(6088)

Dupont, C. J., O'Connell and Foti, Js.

Decided December 18—decision released December 20, 1991

*Richard Emanuel,* assistant public defender, with whom, was *G. Douglas Nash,* public defender, for the appellant (defendant).

*Carolyn K. Longstreth,* assistant state's attorney, with whom, on the brief, was *Donald A. Browne,* state's attorney, for the appellee (state).

PER CURIAM. The defendant was convicted of two violations of the dependency producing drug law, General Statutes § 21a-278 (b). In *State* v. *Marsala,* 15 Conn. App. 519, 545 A.2d 1151, cert. denied, 209 Conn. 816, 550 A.2d 1087 (1988) *(Marsala I),* the defendant claimed that the trial court erred, first, in denying his motion to suppress evidence seized from his person, and, second, in denying his motions for a judgment of acquittal on the ground that the evidence was insufficient to establish his guilt beyond a reasonable doubt. We remanded this case to the trial court to resolve certain factual matters so that we could determine whether the admission of items seized from the defendant's person was justified under a good faith exception to the exclusionary rule. Id., 526. We also assumed arguendo that the items, which consisted of two $20 bills and two packets of cocaine, were properly admitted and concluded that the evidence was sufficient to establish guilt beyond a reasonable doubt. Id., 528.

After the trial court made the factual determinations required by *Marsala I,* we again considered the matter and held that the trial court did not err in finding, on remand, that the evidence seized from the defendant's person was admissible pursuant to a good faith exception to the exclusionary rule. *State* v. *Marsala,* 19 Conn. App. 478, 483, 563 A.2d 730 (1989). The Supreme Court, on review, held "that a 'good faith'

exception to the exclusionary rule is incompatible with the constitution of Connecticut, article first, § 7, and, therefore, that the decision of the Appellate Court, applying such an exception, must be reversed." (Footnote omitted.) *State* v. *Marsala,* 216 Conn. 150, 151, 579 A.2d 58 (1990). The Supreme Court remanded the case to this court with the following rescript: "The judgment of the Appellate Court is reversed and the case is remanded to that court for further proceedings consistent with this opinion." Id., 172.

The rescript of the Supreme Court presents us with two possible courses of action. One is for us to address the defendant's claim as to the sufficiency of the evidence and to look at the remaining evidence to determine, on the basis of the record, whether the defendant's conviction should be vacated. The other is for us to remand the case to the trial court for a new trial.

Having considered both possibilities, we conclude that the latter is the correct course. See *State* v. *Mooney,* 218 Conn. 85, 588 A.2d 145 (1991). The denial of the defendant's motion to suppress the evidence seized from his person undoubtedly played a part in shaping the state's presentation of its case. Had the motion been granted, the state might have introduced evidence other than that which it introduced in the defendant's trial. We do not know how the state would have proceeded had the evidence seized from the defendant's person been excluded.

The judgment is reversed and the case is remanded for a new trial.