STATE OF CONNECTICUT *v.* JOHN ANZIANO
(10041)

DALY, FOTI and FREEDMAN, Js.

Argued January 7—decision released February 18, 1992

*Jack W. Fischer,* deputy assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *Juliett L. Crawford,* assistant state's attorney, for the appellant (state).

*Patricia A. King,* with whom, on the brief, was *Thomas P. Cadden,* for the appellee (defendant).

FOTI, J. The state appeals, with permission of the trial court, from the judgment rendered dismissing with prejudice the charges against the defendant of possession of narcotics in violation of General Statutes § 21a-279 (a), sale of illegal drugs in violation of General Statutes § 21a-278 (b), conspiracy to sell illegal drugs in violation of General Statutes §§ 53a-48 and 21a-278 (b), possession of less than four ounces of marihuana in violation of General Statutes § 21a-279 (c), and destruction of evidence in violation of General Statutes § 54-33e. Prior to trial, the defendant moved to suppress all evidence obtained pursuant to a search warrant executed on January 22, 1990. After the court granted the motion on October 5, 1990, the state entered a nolle on each charge. The state then filed a motion to dismiss the case with prejudice pursuant to General Statutes § 54-96 and Practice Book § 815,[1] which was granted on February 22, 1991.

---

[1] General Statutes § 54-96 provides: "Appeals from the rulings and decisions of the superior court, upon all questions of law arising on the trial of criminal cases, may be taken by the state, with the permission of the presiding judge, to the supreme court or to the appellate court, in the same manner and to the same effect as if made by the accused."

Practice Book § 815 provides: "The following defenses or objections, if capable of determination without a trial of the general issue, shall, if made prior to trial, be raised by a motion to dismiss the indictment or information:

The state alleges that under the "totality of circumstances" test; *State* v. *Barton,* 219 Conn. 529, 594 A.2d 917 (1991); the affidavit in support of the application for the search and seizure warrant provided a substantial factual basis for the issuing authority to conclude that probable cause was demonstrated. We agree.

The facts are not disputed. On January 22, 1990, detectives of the Meriden police department obtained a search warrant[2] for the residence and vehicles of the

"(1) Defects in the institution of the prosecution including any grand jury proceedings;

"(2) Defects in the indictment or information including failure to charge an offense;

"(3) Statute of limitations;

"(4) Absence of jurisdiction of the court over the defendant or the subject matter;

"(5) Insufficiency of evidence or cause to justify the bringing or continuing of such information or indictment or the placing of the defendant on trial;

"(6) Previous prosecution barring the present prosecution;

"(7) Claim that the defendant has been denied a speedy trial;

"(8) Claim that the law defining the offense charged is unconstitutional or otherwise invalid; or

"(9) Any other grounds."

[2] The affidavit in support of the application for the search and seizure warrant is as follows:

"1. That Detective William Staton and Detective Trevor Thorpe are regular members of the Meriden Police Departments Narcotics Division with a combined total of about 23 years of police experience between them. The affiants Thorpe and Staton have investigated numerous narcotic cases arrests and convictions as well as numerous seizures of illegal narcotic substances and paraphernalia. The affiants have attended various schools and seminars teaching investigative techniques in narcotic investigation and as the result of their training and experiences are familiar with the methods and practices of illegal drug violators as well as the deceptions used by them to avoid police detection.

"2. That in the early 1987 The Meriden Police Department Narcotic division began to review information from its 634-DRUG hotline indicating that a white male named John Anziano living at 124 Arch Parkway in Meriden Connecticut was a local cocaine dealer. This information was received from various informants and other police officers during the following months until on 10-12-87 Affiant Thorpe along with other detectives observed Mr. Anziano run from a car into the woods in the Baldwins Pond area of Meriden and subsequently recovered 18 grams of cocaine as well as several baggies

defendant, which called for the seizure of illegal drugs, among other things. On that same day, the warrant

of marijuana in the wooded area where Anziano was seen to run. Anziano had not been seen to actually drop the illegal drugs on that occasion and was not arrested. At this time he was operating a 1973 Ford color blue bearing Connecticut Reg number 925BVS which he is still the registered owner of.

"3. That during the following two years several more confidential informants advised the Narcotic detectives that John Anziano continued to sell cocaine in the city of Meriden on a regular basis from his cars which were described as a red Honda Civic and what appeared to be an older Ford that appeared to be an old state trooper car. One informant advised of having personally purchased and observed sales within these two vehicles on a regular basis and that Anziano had a beeper and would meet customers at various pay phones in the Meriden area when they called him in their efforts to purchase cocaine from him. Members of the narcotic division including affiant Thorpe frequently checked the address of 124 Arch Parkway and frequently observed the fact that a red Honda Civic bearing Connecticut registration plate number 693FWL and a four door red Ford bearing Connecticut reg. number 918FVA were parked there late at night on a regular basis.

"4. That on November 11, 1988 a caller to the Meriden Police Department 634-Drug hotline advised that a man named Pierre Chenard of number 264 Wall Street in Meriden Connecticut was selling cocaine and storing it in a thermos within one of his vehicles. A second caller to Narcotic Detective Anderson advised of observing Chenard within his residence at 264 Wall Street in the act of snorting cocaine and of having observed cocaine within his residence as well as observing many persons coming and going from the house on a regular basis.

"5. That on 1/22/90 Detective Kearns of the Wallingford Police Department narcotic division called the Meriden Police Department Narcotic Division and advised that the Wallingford Narcotic Division ha[d] received information from various informants during the past several months indicating that Mr. John Anziano of 124 Arch Parkway is selling cocaine on a regular basis in Meriden and that he operates a red Honda Civic, a blue Ford Mustang and an older Ford that looks like an old State Police car. The informants also gave accurate registration plate numbers for these vehicles and accurately described the location of the Anziano residence on Arch Parkway in Meriden. Kearns went on to be advised that he had just received information from a concerned citizen whose son had received cocaine from Mr. John Anziano and who had personal knowledge that Mr. John Anziano had gone to New York on Saturday evening (01/20/90) and had picked up a pound of cocaine for distribution in the Meriden area. This concerned citizen indicated to Kearns that the cocaine had been split up

was executed, resulting in the seizure of various drugs and drug paraphernalia, and the arrest of the defendant.

On July 16, 1991, our Supreme Court overruled *State v. Kimbro,* 197 Conn. 219, 496 A.2d 498 (1985). *State v. Barton,* supra. In so doing, it held that a determination of probable cause under article first, § 7, of the Connecticut constitution is to be made pursuant to the "totality of the circumstances" test applicable under the federal constitution as set forth in *Illinois* v. *Gates,* 462 U.S. 213, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983); accord *State* v. *Johnson,* 219 Conn. 557, 594 A.2d 933 (1991). Our Supreme Court has explained the "totality of the circumstances" analysis as follows: "When a search warrant affidavit is based on information provided to the police by confidential informants, the magistrate should examine the affidavit to determine whether it adequately describes both the factual basis of the informant's knowledge and the basis on which the police have determined that the information is reliable. If the warrant affidavit fails to state in specific

by Anziano and that some of it was being stored at the residence of a Mr. Pierre Chenard at number 264 Wall Street in Meriden, Connecticut and that John Anziano kept the rest of the cocaine for sale within his residence at number 124 Arch Parkway in Meriden, Connecticut. This concerned citizen accurately described the vehicle operated by Anziano as well as his home and its location in Meriden as well as the residence and vehicles owned by Mr. Chenard.

"6. That it is the training and experience of the affiants that illegal drug dealers often keep and carry weapons including firearms in order to protect their illegal drugs from their competitors as well as to intimidate their customers. It is therefore requested that weapons including firearms be included in this affidavit if granted.

"7. Wherefore the affiants feel that they have established probable cause to believe that John Anziano possesses cocaine for sale within the second floor apartment of number 124 Arch Parkway in Meriden, Connecticut in violation of Connecticut General Statute number 21a-278b and hereby request that a search and seizure warrant for that address as well as his vehicles bearing Connecticut registration plates 693FWL a 77 red Honda, 925BVS a blue Ford and 918FVA a red Ford be granted."

terms how the informant gained his knowledge or why the police believe the information to be trustworthy, however, the magistrate can also consider all the circumstances set forth in the affidavit to determine whether, despite these deficiencies, other objective indicia of reliability reasonably establish that probable cause to search exists. In making the determination, the magistrate is entitled to draw reasonable inferences from the facts presented." *State* v. *Barton,* supra, 544.

We have recently given retroactive effect to *State* v. *Barton,* supra, in *State* v. *Payne,* 25 Conn. App. 428, 431, 594 A.2d 1035 (1991). Because the defendant acknowledges that he cannot claim that he acted in reliance on the two-pronged *Aguilar-Spinelli* test[3] retained until *Barton,* we review the warrant under the totality of the circumstances test. See *State* v. *Ryerson,* 201 Conn. 333, 340, 514 A.2d 337 (1986).

This court's scope of review, in evaluating the existence of probable cause, is limited to the facts that appear on the four corners of the affidavit or facts that may be properly inferred from those facts. *State* v. *Couture,* 194 Conn. 530, 536, 482 A.2d 300 (1984), cert. denied, 469 U.S. 1192, 105 S. Ct. 967, 83 L. Ed. 2d 971 (1985). In so doing, we must use common sense; *State* v. *Castano,* 25 Conn. App. 99, 101, 592 A.2d 977 (1991); and "defer to the reasonable inferences drawn by the [issuing] magistrate." *State* v. *Barton,* supra, 544–45. Our role "is to determine whether the affidavit at issue presented a substantial factual basis for the magistrate's conclusion that probable cause existed." *State* v. *Johnson,* supra, 565.

---

[3] The two-pronged test required that a search warrant affidavit based on an informant's tip contain some of the underlying circumstances demonstrating his reliability or his veracity, along with his basis for knowledge. *Aguilar* v. *Texas,* 378 U.S. 108, 84 S. Ct. 1509, 12 L. Ed. 2d 723 (1964); *Spinelli* v. *United States,* 393 U.S. 410, 89 S. Ct. 584, 21 L. Ed. 2d 637 (1969).

In this case, the information supplied to the police came from a "concerned citizen." In suppressing the evidence obtained pursuant to the search warrant, the trial court found that the affidavit "utterly fail[ed] to establish this concerned citizen's reliability or veracity, or basis of knowledge." Our review of the affidavit leads us to conclude, however, that the type of detail provided by the concerned citizen indicates a reliable basis of knowledge, and permits a reasonable inference that the information was derived from personal knowledge and observation.

The information provided by the concerned citizen supplied the police with some specificity of the who, what, where, when and why. The defendant was named and his car was described accurately, as well as the location of his home. The informant told the police that the defendant had traveled to New York on a particular part of a particular day, that he had obtained a specific amount of cocaine, that he had returned to the Meriden area, split up the narcotics and stored it at two specific locations. One of those locations was the house of a named individual, who was known to the police as a drug dealer. The information also accurately detailed this residence and the automobiles driven by this second named individual. Much of this information was corroborated by information already held by the police, and additional tips received by the police point to the defendant and his drug selling activities, demonstrating a basis on which the affiants determined that the information was reliable. Furthermore, the informant's credibility is bolstered by the fact that citizen informers are considered more credible than confidential informants who are often criminals themselves with ulterior motives for providing information to the police. *State* v. *Barton,* supra, 542 n.10; *State* v. *Banta,* 15 Conn. App. 161, 177–78, 544 A.2d 1226, cert. denied, 209 Conn. 815, 550 A.2d 1086 (1988).

The amount of detail contained in the affidavit, together with all the other information and circumstances contained in it, could reasonably allow an inference by the magistrate that the information supplied by the concerned citizen was derived from personal knowledge or observation and that it was current information. The affidavit presented sufficient objective indicia of reliability to justify the issuance of the warrant. Thus, after considering the totality of the circumstances described in the affidavit, we conclude that the affidavit presented a substantial factual basis on which the magistrate could conclude that probable cause existed.

The judgment is reversed and the case is remanded for further proceedings.

In this opinion the other judges concurred.