STATE OF CONNECTICUT *v.* MICHAEL J. MARSALA
(6088)

DUPONT, C. J., O'CONNELL and FOTI, Js.

Submitted on motion February 20—decision released March 24, 1992

*Richard Emanuel,* assistant public defender, with whom, was *G. Douglas Nash,* public defender, for the appellant (defendant).

*C. Robert Satti, Jr.,* assistant state's attorney, with whom, on the brief, was *Donald A. Browne,* state's attorney, for the appellee (state).

FOTI, J. The state requests that we reconsider[1] our remand in *State* v. *Marsala,* 26 Conn. App. 423, 601 A.2d 542 (1991), and review the search and seizure warrant under the "totality of the circumstances" test of *Illinois* v. *Gates,* 462 U.S. 213, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983), pursuant to *State* v. *Barton,* 219 Conn. 529, 594 A.2d 917 (1991).[2] Our remand ordered a new trial because our decision did not review the warrant to determine whether the evidence seized pursuant to it should have been excluded.

We have recently explained that our scope of review, in determining whether a substantial factual basis was demonstrated for the issuing authority to find probable cause to issue a warrant, is limited to the facts that appear within the four corners of the affidavit or facts that may properly be inferred from those facts. *State* v. *Anziano,* 26 Conn. App. 667, 669–72, 603 A.2d 415 (1992). We also have given retroactive effect to *State* v. *Barton,* supra, in *State* v. *Payne,* 25 Conn. App. 428, 431, 594 A.2d 1035, cert. denied, 220 Conn. 915, 597 A.2d 337 (1991). *Barton* applied the "totality of the circumstances" test of *Illinois* v. *Gates,* supra, and explained that analysis as follows:

[1] The state filed a "Motion for Reargument" pursuant to Practice Book §§ 4121, 4122 and 4123, which we accept as a motion for reconsideration, and hereby grant.

[2] For a complete review of this matter see: *State* v. *Marsala,* 15 Conn. App. 519, 545 A.2d 1151, cert. denied, 209 Conn. 816, 550 A.2d 1087 (1988); *State* v. *Marsala,* 19 Conn. App. 478, 563 A.2d 730 (1989); *State* v. *Marsala,* 216 Conn. 150, 579 A.2d 58 (1990); and *State* v. *Marsala,* 26 Conn. App. 423, 601 A.2d 542 (1991).

"When a search warrant affidavit is based on information provided to the police by confidential informants, the magistrate should examine the affidavit to determine whether it adequately describes both the factual basis of the informant's knowledge and the basis on which the police have determined that the information is reliable. If the warrant affidavit fails to state in specific terms how the informant gained his knowledge or why the police believe the information to be trustworthy, however, the magistrate can also consider all the circumstances set forth in the affidavit to determine whether, despite these deficiencies, other objective indicia of reliability reasonably establish that probable cause to search exists. In making this determination, the magistrate is entitled to draw reasonable inferences from the facts presented. When a magistrate has determined that the warrant affidavit presents sufficient objective indicia of reliability to justify a search and has issued a warrant, a court reviewing that warrant at a subsequent suppression hearing should defer to the reasonable inferences drawn by the magistrate." *State* v. *Barton,* supra, 544–45.

The defendant originally raised two issues on appeal, (1) whether the trial court improperly denied his motion to suppress evidence seized from his person, and (2) whether the trial court improperly denied his motion for judgment of acquittal because of insufficient evidence.[3] See *State* v. *Marsala,* 15 Conn. App. 519, 545 A.2d 1151, cert. denied, 209 Conn. 816, 550 A.2d 1087 (1988). The state conceded that the underlying affidavit lacked the necessary indicia of reliability and basis for knowledge required by the two-pronged *Aquilar-*

___

[3] We concluded that there was no merit to the defendant's insufficiency claim, if the evidence seized pursuant to the search warrant was properly admissible. *State* v. *Marsala,* 15 Conn. App. 519, 526–28, 545 A.2d 1151, cert. denied, 209 Conn. 816, 550 A.2d 1087 (1988).

*Spinelli* test,[4] and unsuccessfully put forth two theories that would support the court's denial of the defendant's motion: a good faith exception to the exclusionary rule and the investigative stop doctrine as set forth in *Terry* v. *Ohio,* 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968).[5] The state now seeks an affirmation of the judgment of conviction because under the "totality of the circumstances" test of *State* v. *Barton,* supra, our review of the underlying affidavit would lead to the conclusion that there existed a substantial basis for the issuing authority's determination that probable cause existed. *State* v. *Johnson,* 219 Conn. 557, 565, 594 A.2d 933 (1991). If probable cause existed, the evidence seized was properly admissible, and there would be evidence sufficient to support a conviction, thereby making a new trial unnecessary. We agree that we should examine the warrant; see *State* v. *Anziano,* supra; and amend our rescript in *State* v. *Marsala,* supra, 26 Conn. App. 423.

The affidavit supporting the application for the search warrant contained the following information. A named police officer from Trumbull notified the Monroe police that the defendant was a heavy seller of cocaine and other illegal drugs. The police had also received a telephone call from a resident of Swendsen Drive reporting that he had seen what he believed to be drug activity at 154 Swendsen Drive, that he had seen many vehicles drive up to the house, and that a bearded man came

---

[4] The two-pronged test required that a search warrant affidavit based on an informant's tip contain some of the underlying circumstances demonstrating his reliability or his veracity, along with his basis for knowledge. *Aguilar* v. *Texas,* 378 U.S. 108, 84 S. Ct. 1509, 12 L. Ed. 2d 723 (1964); *Spinelli* v. *United States,* 393 U.S. 410, 89 S. Ct. 584, 21 L. Ed. 2d 637 (1969).

[5] The Supreme Court in *State* v. *Marsala,* 216 Conn. 150, 579 A.2d 58 (1990), after granting a petition for certification to review our decision in *State* v. *Marsala,* 19 Conn. App. 478, 563 A.2d 730 (1989), determined that under Connecticut constitutional law, there was no good faith exception to the exclusionary rule.

from the house, approached each vehicle and engaged in some sort of transaction. When the vehicles left, the man returned to the house. This "concerned citizen" then stated that this activity could be characterized as "heavy" with vehicles coming and going at all times of the day and night. In light of these reports, Monroe police drove by the house several times every day and night for a period of time and observed numerous vehicles occupied by young males in front of the house and a man walking between the house and the vehicles. On September 15, 1986, a confidential informant came to the police department in Monroe and told of what he believed to be heavy drug trafficking at 154 Swendsen Drive, supplied a list of thirteen marker numbers of vehicles that had been seen frequently stopping at that address at all times of the day and night and that some type of transaction would take place between the occupants of the cars and Michael Marsala, who was known to the informant as the occupant of 154 Swendsen Drive. The police then continued their surveillance. The informant again came to the police department on September 29, 1986, and gave similar information about the activity concerning Marsala and the address in question. The informant also stated that extremely heavy activity was seen during the weekend of September 27 and 28, 1986.

On September 23, 1986, another police officer told one of the affiants that another informant had told him that he was aware of a man named Mike on Swendsen Drive who was selling cocaine to young people who drove up to the front of the house and that transactions took place right in the street. The following day a resident of the same neighborhood as 154 Swendsen Drive telephoned one of the affiants to express concern about what he felt was frightening activity going on in front of that address.

The information received by the affiants came from two neighbors, who, although not referred to as such, may be considered "concerned citizens," from one confidential informant directly, from a second informant through a police officer, and from another police officer, and from another police department. Neither of the "confidential informants" was shown to be reliable but the information given was obviously current and in one instance detailed sufficiently to be based on personal observation. The credibility of the two neighbors "is bolstered by the fact that citizen informers are considered more credible than confidential informants who are often criminals themselves with ulterior motives for providing information to the police." *State* v. *Anziano*, supra, 673. Additionally, observations of the defendant's activities, made by one or both of the affiants, corroborated the details provided by the informants.

Although the confidential informant was not specifically shown to be reliable or trustworthy, the information derived from all sources and corroborated by the police surveillance reasonably allowed the issuing authority to conclude that the information supplied by the informants presented a substantial factual basis on which to find that probable cause existed.

Thus, after considering the totality of the circumstances as described in the affidavit, we conclude that it presented sufficient objective indicia of reliability to justify the issuance of the warrant. Therefore, the trial court properly denied the defendant's motion to suppress. The evidence was properly admitted and with it, the evidence was sufficient to sustain the conviction.

The judgment is affirmed.

In this opinion the other judges concurred.