STATE OF CONNECTICUT *v.* MICHAEL J. MARSALA
(14553)

PETERS, C. J., CALLAHAN, BORDEN, BERDON and KATZ, Js.

Argued February 9—decision released March 9, 1993

___

*Richard Emanuel,* assistant public defender, for the appellant (defendant).

*C. Robert Satti, Jr.,* assistant state's attorney, with whom, on the brief, was *Richard F. Jacobson,* assistant state's attorney, for the appellee (state).

PER CURIAM. This court decided, in *State* v. *Marsala,* 216 Conn. 150, 151, 579 A.2d 58 (1990), that "a 'good faith' exception to the exclusionary rule is incompatible with the constitution of Connecticut, article first, § 7 . . . ." The defendant's conviction rested in part on evidence that had been seized pursuant to a search warrant validated by the trial court in reliance on such a good faith exception. Because the Appellate Court had agreed with the trial court's upholding of a good faith exception, our decision required us to reverse the judgment of the Appellate Court. Our rescript noted the reversal and directed that the case be remanded to the Appellate Court "for further proceedings consistent with this opinion." Id., 172.

The Appellate Court thereafter identified an ambiguity in our rescript. It observed that this court might

have intended the Appellate Court to pursue one of three possible agendas. First, the Appellate Court might have been directed to reconsider the defendant's claim as to the sufficiency of the evidence and to look at the evidence that had not been seized pursuant to the invalidated warrant to determine whether, on the basis of the record as it existed at trial, the defendant's conviction should be vacated. *State* v. *Marsala,* 26 Conn. App. 423, 425, 601 A.2d 542 (1991). Second, the Appellate Court might have been directed to reconsider the validity of the search warrant in light of the subsequent decision of this court in *State* v. *Barton,* 219 Conn. 529, 594 A.2d 917 (1991). *State* v. *Marsala,* 27 Conn. App. 291, 294, 605 A.2d 866 (1992). Third, the Appellate Court might have been directed to remand the case to the trial court for a new trial. *State* v. *Marsala,* supra, 26 Conn. App. 425.

After the Appellate Court's decision to pursue the second alternative, we granted the defendant's petition for certification.[1] *State* v. *Marsala,* 223 Conn. 902,

---

[1] We granted certification limited to the following issues: "1. Whether the Appellate Court correctly treated a motion for reargument as a motion for reconsideration, and in thereafter deciding a question of substance, which reversed a trial court conclusion, without the benefit of either briefs or oral argument?

"2. Whether the Appellate Court properly concluded that the search warrant affidavit should be evaluated under the principles of *State* v. *Barton,* 219 Conn. 529, 594 A.2d 917 (1991)?

"3. If the principles of *State* v. *Barton,* supra, are applicable to this case, must the validity of the warrant first be reviewed by a trial court, rather than an appellate court?

"4. Did the Appellate Court have jurisdiction/authority to issue, sua sponte, an amended rescript (26 Conn. App. 423) approximately sixteen months after the issuance of its initial rescript?

"5. Did the state waive or forfeit its right to assert the warrant's validity in light of the state's prior concessions and prior failure to raise this claim as an alternate ground?" *State* v. *Marsala,* 223 Conn. 902, 610 A.2d 177 (1992).

610 A.2d 177 (1992). We regret the lack of clarity in our original rescript and now direct a new trial.[2]

The judgment of the Appellate Court is reversed and the case is remanded to that court with direction to remand the case to the trial court for a new trial.

---

[2] In light of this amended rescript, certified issues Nos. 1, 3 and 4 have become moot. At the retrial, the trial court will have to decide the remaining issues about the applicability of *State* v. *Barton,* 219 Conn. 529, 594 A.2d 917 (1991), in the circumstances of this case.