STATE OF CONNECTICUT *v.* JUAN CASTANO
(9723)

DUPONT, C. J., SPALLONE and HEIMAN, Js.

Argued April 24—decision released June 18, 1991

*Joseph Dimyan,* for the appellant (defendant).

*Timothy J. Sugrue,* assistant state's attorney, with whom, on the brief, were *Walter D. Flanagan,* state's attorney, and *Devin T. Stilson,* assistant state's attorney, for the appellee (state).

SPALLONE, J. The defendant appeals from the judgment of conviction, rendered after his conditional plea of nolo contendere, to the crime of illegal possession of narcotics with intent to sell in violation of General Statutes § 21a-277 (a). He claims that the trial court improperly denied his motion to suppress certain evi-

dence seized pursuant to a warrant authorizing a search of his home. We affirm the judgment of the trial court.

The following facts are relevant to the disposition of this appeal. On August 16, 1989, officers of the Danbury police department applied for a warrant to search the defendant's residence at 5 Mill Ridge Road in Danbury for evidence of drug trafficking. Upon a finding of probable cause, the Superior Court issued a warrant to search the premises. The police executed the warrant on August 18, 1989, and seized two scales, four plastic bags containing 10.44 grams of cocaine, $3120 in cash and certain gold jewelry. On September 18, 1989, the defendant moved to suppress the evidence seized from his residence. In his motion to suppress, the defendant asserted that the affidavit filed by the police in support of their application for a search warrant failed to establish probable cause to search his residence. The trial court heard oral argument and reviewed the affidavit before denying the defendant's motion to suppress.

On October 26, 1990, the defendant entered a conditional plea of nolo contendere to the state's substituted information containing a single count of possession of narcotics with intent to sell. The defendant reserved his right to appeal the denial of his motion to suppress as authorized by General Statutes § 54-94a. In accordance with a plea agreement, the defendant was sentenced to four years imprisonment, execution suspended, with four years of probation. The defendant is a Colombian national and faces deportation.

A warrant may be issued to search any property "at which there is probable cause to believe that fruits, instrumentalities, or evidence of a crime will be found." *Zurcher* v. *Stamford Daily*, 436 U.S. 547, 554, 98 S. Ct. 1970, 56 L. Ed. 2d 525 (1978). " 'Probable cause to search exists if: (1) there is probable cause to believe

that the particular items sought to be seized are connected with criminal activity or will assist in a particular apprehension or conviction . . . *and* (2) there is probable cause to believe that the items sought to be seized will be found in the place to be searched.' (Emphasis in original; citations omitted.)'' *State* v. *Weinberg,* 215 Conn. 231, 238, 575 A.2d 1003 (1990), cert. denied,    U.S.   , 111 S. Ct. 430, 112 L. Ed. 2d 413 (1991), quoting *State* v. *DeChamplain,* 179 Conn. 522, 528–29, 427 A.2d 1338 (1980). "Whether there is probable cause is to be determined upon facts stated in the affidavit purporting to establish grounds for issuing the warrant. *United States* v. *Harris,* 403 U.S. 573, 579, 91 S. Ct. 2075, 29 L. Ed. 2d 723 (1971); *State* v. *DeChamplain,* [supra, 530]. In considering the sufficiency of the affidavit we confine ourselves to the facts which appear on the face of the affidavit or which properly may be inferred therefrom; *State* v. *Williams,* 170 Conn. 618, 629, 368 A.2d 140, cert. denied, 429 U.S. 865, 97 S. Ct. 174, 50 L. Ed. 2d 145 (1976); testing those facts with common sense and reality; *United States* v. *Ventresca,* 380 U.S. 102, 108, 85 S. Ct. 741, 13 L. Ed. 2d 684 (1965); and with great deference to the fact that the issuing magistrate did determine that probable cause existed. *Jones* v. *United States,* 362 U.S. 257, 270–71, 80 S. Ct. 725, 4 L. Ed. 2d 697 (1960)." *State* v. *Couture,* 194 Conn. 530, 536, 482 A.2d 300 (1984), cert. denied, 469 U.S. 1192, 105 S. Ct. 967, 83 L. Ed. 2d 971 (1985). In reviewing the sufficiency of an affidavit supporting the application for a search warrant we do not conduct a de novo review, but determine whether the court had a substantial basis for concluding that a search would uncover evidence of a crime. Id.

The affidavit in this case is comprised of thirty paragraphs incorporated into six and one-half pages. Set forth in the application is a description of widespread narcotics dealing involving the defendant, certain of

his companions, his wife, his place of employment, his home and his motor vehicle. The representations contained in the affidavit were gleaned from the personal observations of reliable informants, the personal observations of the police, and a pen register indicating drug related calls to the defendant's home.

Two confidential informants supplied information contained in the affidavit and application for a search warrant. The first informant was known to the officers for over three years and had in that time provided information resulting in seizures of cocaine and cash as well as arrests and convictions. This informant indicated personal knowledge of a large scale cocaine trafficking network operating in the Danbury area headed by Juan Castano, a Colombian male approximately fifty years old. This informant also stated that Castano distributed cocaine to various buyers with the aid of several associates including Nimia Sanchez, Castano's common law wife and coresident at 5 Mill Ridge Drive in Danbury. This informant also stated that he had personal knowledge that large amounts of cash were often stored at Castano's residence at 5 Mill Ridge Drive and that Castano had accumulated vast amounts of cash and purchased properties with the proceeds of the drug trafficking operation that he headed for a number of years.

On June 8, 1989, this informant stated that the drug operation headed by Castano was still going strong, that he had observed Sanchez making cocaine deliveries in an automobile owned by Castano, and gave the officers the automobile registration number. An independent check by the officers confirmed that the vehicle was registered to a Juan Castano at 5 Mill Ridge Drive. This informant also indicated personal knowledge that Castano had recently returned from a short trip to Colombia for the purpose of transporting funds from the United States to Colombia. On August 7,

1989, this informant overheard a conversation of Sanchez in which she stated that the defendant stored quantities of cocaine in the cellar of a Danbury restaurant.

On May 30, 1989, a second confidential informant, not previously known to the police, indicated personal knowledge of a cocaine selling operation being run by an Hispanic male named Juan out of the kitchen of the restaurant previously mentioned and that cocaine was stored in the restaurant's basement. On July 25, 1989, this second informant personally observed a person named Juan, who was approximately fifty years old, sell cocaine to various persons at the restaurant.

The officers themselves independently verified a wealth of additional information supplied by the informants and contained in the affidavit by conducting "buy" operations and surveillance over a period of months. Further, a court authorized pen register recorded calls from a suspected drug kingpin to the home of Castano. We conclude that the affidavit contains sufficient evidentiary allegations to permit the issuing judge to make a finding of probable cause under either the two-prong analysis of *State* v. *Kimbro,* 197 Conn. 219, 233, 496 A.2d 498 (1985), or the less strict "totality of the circumstances" analysis set forth in *Illinois* v. *Gates,* 462 U.S. 213, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983).

The defendant also asserts that the recitation of facts in the application and affidavit in support of a search warrant, although sufficient to support a search of the defendant's place of employment and even of the defendant himself, was insufficient to connect his home to the illegal activity alleged. Actual observations of illegal activity or contraband in the premises to be searched, however, are not required to establish probable cause. *State* v. *Vallas,* 16 Conn. App. 245, 261–62, 547 A.2d 903 (1988), aff'd sub nom. *State* v. *Colash,* 212 Conn. 485, 563 A.2d 660 (1989). The nexus between

the premises and the evidence " 'can be inferred from the type of crime, the nature of the items sought, the extent of an opportunity for concealment and normal inferences as to where a criminal would hide [the evidence].' " *State* v. *Couture,* supra, 537, quoting, *United States* v. *Charest,* 602 F.2d 1015, 1017 (1st Cir. 1979). "In the case of drug dealers, evidence is likely to be found where the dealers live." *United States* v. *Angulo-Lopez,* 791 F.2d 1394, 1399 (9th Cir. 1986); see *State* v. *Vallas,* supra, 262; *United States* v. *Reyes,* 798 F.2d 380, 382 (10th Cir. 1986); *United States* v. *Peacock,* 761 F.2d 1313, 1315–16 (9th Cir.), cert. denied, 474 U.S. 847, 106 S. Ct. 139, 88 L. Ed. 2d 114 (1985).

We find that the court had a substantial basis from the facts included within the four corners of the application for the search warrant to conclude that there was probable cause that the defendant's residence contained evidence of criminal activity and that the trial court properly denied the defendant's motion to suppress.

The judgment is affirmed.

In this opinion the other judges concurred.