STATE OF CONNECTICUT *v.* LARRY A. RADICIONI
(11776)
STATE OF CONNECTICUT *v.* LINDA J. HURST
(11777)

DALY, FOTI and LANDAU, Js.

Argued May 3—decision released August 3, 1993

*Michael L. Regan,* assistant state's attorney, with whom, on the brief, was *C. Robert Satti, Sr.,* state's attorney, for the appellant (state).

*Joseph F. Segal,* for the appellees (defendants).

FOTI, J. In this consolidated action,[1] the state appeals from a decision of the trial court granting the defendants' motions to suppress evidence obtained pursuant to a search warrant. The sole issue presented on appeal is whether the trial court improperly granted the defendants' motions to suppress the evidence seized in the search of the defendants' residence. We affirm the trial court's judgment.

The defendants, Larry A. Radicioni and Linda J. Hurst, were charged with possession of marijuana with intent to sell in violation of General Statutes § 21a-277 (b),[2] cultivation of marijuana in violation of General Statutes § 21a-277 (b),[3] and possession of drug paraphernalia in violation of General Statutes § 21a-267 (a).[4] On

---

[1] Because both defendants are represented by the same counsel, the issues on appeal are identical, and the motions to suppress were heard jointly, this court granted the state's motion to consolidate the appeals on November 3, 1992.

[2] The parties agree that the first count of each information contains a typographical error so as to charge the defendants with a violation of General Statutes § 21-279 (b) rather than General Statutes § 21a-277 (b).

[3] General Statutes § 21a-277 (b) provides: "Any person who manufactures, distributes, sells, prescribes, dispenses, compounds, transports with intent to sell or dispense, possesses with intent to sell or dispense, offers, gives or administers to another person any controlled substance, except a narcotic substance, or a hallucinogenic substance other than marijuana, except as authorized in this chapter, may, for the first offense, be fined not more than twenty-five thousand dollars or be imprisoned not more than seven years or be both fined and imprisoned; and, for each subsequent offense, may be fined not more than one hundred thousand dollars or be imprisoned not more than fifteen years, or be both fined and imprisoned."

[4] General Statutes § 21a-267 (a) provides: "No person shall use or possess with intent to use drug paraphernalia, as defined in subdivision (20) of section 21a-240, to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack,

August 6, 1992, the defendants filed motions to suppress all of the evidence seized as fruits of an unlawful search. The motions were heard before the trial court, *Stanley, J.,* on August 24, 1992. The trial court granted the motions in open court on September 8, 1992, and accordingly, filed an order on that date. The informations were dismissed with prejudice by the trial court *Purtill, J.,* on September 14, 1992. On the same day, the state was granted permission to appeal.

The facts are not in dispute. Both defendants reside at 6 Faye Street, New London. On April 17, 1992, an application for a warrant, including a supporting affidavit, was submitted to and signed by a judge of the Superior Court. The warrant was for the search of a single-family residence at 6 Faye Street, a black pickup truck with Connecticut registration 162-CDM, and the person of a white male named Larry Radicioni. The affiants were Officer Wayne E. Ego of the Waterford police department and Detective James Cash of the Connecticut state police. Both affiants were members of the eastern division of the statewide narcotics task force. On April 23, 1992, the warrant was executed and resulted in the seizure of drug paraphernalia, cash, and a quantity of marijuana.

The affidavit in support of the warrant may be summarized as follows. The affiants attested that they met with a confidential informant who in the past had provided them with reliable information that had led to arrests in narcotics related incidents. The confidential informant stated that he knew of a person named Larry Radicioni who had been selling large quantities of marijuana for years. The confidential informant was una-

---

repack, store, contain or conceal, or to inject, ingest, inhale or otherwise introduce into the human body, any controlled substance as defined in subdivision (9) of section 21a-240. Any person who violates any provision of this subsection shall be guilty of a class C misdemeanor."

ble to identify Radicioni's specific address, but knew that his residence was near the Coca Cola Bottling Company in New London. The confidential informant further stated that marijuana could not be purchased directly from Radicioni or at his residence, but must be obtained through a buyer known to Radicioni and whom Radicioni always met at a prearranged location. The informant knew of someone who purchased marijuana from Radicioni on a regular basis. The affiants learned from the files of the Connecticut department of motor vehicles that Larry A. Radicioni of 6 Faye Street, New London, had a 1983 Ford pickup truck bearing Connecticut marker 162-CDM. The affiants further established that 6 Faye Street is near the Coca Cola bottling plant located at 951 Bank Street in New London and that Larry Radicioni also had a phone number listed to him at 6 Faye Street.

The affiants then met again with the confidential informant for the purpose of making a controlled purchase of marijuana from Radicioni through a third party referred to in the affidavit as "the unwitting." The informant telephoned the third party and arranged a buy at a prearranged location. Prior to that meeting, the affiants searched the person and vehicle of the confidential informant. The confidential informant met the third party who accepted the cash and then indicated that he had to leave for a few minutes to meet his supplier and would return shortly with the marijuana. The third party drove from the meeting location under surveillance.

Meanwhile, Cash was conducting a surveillance of 6 Faye Street and the Radicioni's vehicle. Cash witnessed a white male exit 6 Faye Street and drive away in the black pickup truck with license plate number 162-CDM. The truck proceeded to the location of the third party's vehicle, stopped for a very short time, and returned to 6 Faye Street. The third party then

returned to the initial location and gave an item to the confidential informant that later tested positive for the presence of marijuana.

Approximately two weeks later, a second controlled purchase was arranged and proceeded in a fashion substantially similar to the first. On the basis of their experience and knowledge, the affiants attested that certain specific drug paraphernalia typically is needed by drug traffickers and normally is kept on their persons, in their cars, or hidden at their residences.

I

The state argues that the trial court improperly granted the defendants' motions to suppress because the warrant affidavit set forth facts sufficient to establish probable cause. We disagree.

Article first, § 7, of the Connecticut constitution[5] and the fourth amendment to the United States constitution[6] guarantee the right to be free from unreasonable searches and seizures. The determination of whether a warrant affidavit established probable cause is governed by the "totality of the circumstances test" set forth by our Supreme Court in *State* v. *Barton,* 219 Conn. 529, 594 A.2d 917 (1991). "When a search warrant affidavit is based on information provided to the police by confidential informants, the magistrate should examine the affidavit to determine whether it ade-

---

[5] Article first, § 7, of the Connecticut constitution provides: "The people shall be secure in their persons, houses, papers and possessions from unreasonable searches or seizures; and no warrant to search any place, or to seize any person or things, shall issue without describing them as nearly as may be, or without probable cause supported by oath or affirmation."

[6] The fourth amendment to the United States constitution provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

quately describes both the factual basis of the informant's knowledge and the basis on which the police have determined that the information is reliable. If the warrant affidavit fails to state in specific terms how the informant gained his knowledge or why the police believe the information to be trustworthy, however, the magistrate can also consider all the circumstances set forth in the affidavit to determine whether, despite these deficiencies, other objective indicia of reliability reasonably establish that probable cause to search exists. In making this determination, the magistrate is entitled to draw reasonable inferences from the facts presented. When a magistrate has determined that the warrant affidavit presents sufficient objective indicia of reliability to justify a search and has issued a warrant, a court reviewing that warrant at a subsequent suppression hearing should defer to the reasonable inferences drawn by the magistrate. Where the circumstances for finding probable cause are detailed, where a substantial basis for crediting the source of information is apparent, and when a magistrate has in fact found probable cause, the reviewing court should not invalidate the warrant by application of rigid analytical categories." Id., 544–45; see also *State* v. *Toth,* 29 Conn. App. 843, 618 A.2d 536, cert. denied, 225 Conn. 908, 621 A.2d 291 (1993).

The state contends that the trial court, in considering the warrant, improperly conducted a de novo review of the issuing magistrate's findings. The role of a reviewing court in assessing the validity of a warrant " 'is to determine whether the affidavit at issue presented a substantial factual basis for the magistrate's conclusion that probable cause existed.' " *State* v. *Toth,* supra, 851. " 'Probable cause, broadly defined, comprises such facts as would reasonably persuade an impartial and reasonable mind not merely to suspect or conjecture, but to believe that criminal activity has

occurred.' " Id. In a doubtful or marginal case, the preference for warrants means that a reviewing judge should defer to the magistrate's findings. *State* v. *Duntz,* 223 Conn. 207, 216, 613 A.2d 224 (1992).

In granting the motions to suppress, the trial court made reference to *State* v. *Duntz,* supra, and stated: "There is simply not enough in the affidavit to support the issue o[f] a civil warrant . . . [a]lthough there is an attempt to tie together circumstantially, it is not sufficient in the eyes of this Court . . . ." As the state itself notes, the determination of probable cause is fact bound in nature. *State* v. *Barton,* supra, 538.

Our Supreme Court in *State* v. *Barton,* supra, 544, noted that, "[o]ur adoption of a 'totality of the circumstances' analysis does not mean . . . that a magistrate considering a search warrant application should automatically defer to the conclusion of the police that probable cause exists. Such deference would be an abdication of the magistrate's constitutional responsibility to exercise an independent and detached judgment to protect the rights of privacy and personal security of the people of Connecticut." Part of the function of the reviewing court is to ensure that the magistrate has fulfilled his or her role and confirmed that the warrant affidavit is sufficient to support issuance. The trial court in this matter discussed two reasons for its finding that probable cause was not established: the failure of the affidavit to detail the confidential informant's basis of knowledge and the fact that this defect was not overcome by the "totality of the circumstances" due to the lack of sufficient corroborating evidence. The trial court properly applied a "substantial factual basis" analysis and did not conduct a de novo review.

## II

Next, we address the information provided by the informant. As in *State* v. *Barton,* supra, the case at

hand involved information supplied by a confidential informant. Although the totality of the circumstances test means that courts are no longer restricted to a categorical analysis of the issues, " 'the determination of an informant's "veracity" or "reliability" and "basis of knowledge" remains highly relevant. . . . [*State* v. *Barton,* supra, 552].' " *State* v. *Duntz,* supra, 216–17. When reviewing a warrant, the court is "confined to the facts that appear on the face of the affidavit and those facts that may properly be inferred therefrom, testing those facts with common sense and reality and with great deference to the fact that the issuing magistrate found probable cause. *State* v. *Rodriguez,* 27 Conn. App. 307, 316, 606 A.2d 22 (1992)." *State* v. *Vincent,* 30 Conn. App. 249, 252, 620 A.2d 152, cert. granted, 225 Conn. 917, 623 A.2d 1026 (1993).

There is not sufficient information in the warrant affidavit from which the issuing magistrate reasonably could have inferred that the informant had sufficient personal knowledge of the defendant to attest that the defendant was engaged in criminal activity. The information in the affidavit indicates that the confidential informant knew only that he had heard that Radicioni was engaged in selling marijuana, that Radicioni lived near the Coca Cola bottling plant, and that Radicioni would sell only through a middle man. The informant did not report any direct contact with the defendant nor could he supply a specific address for or description of the defendant. The basis of knowledge detailed in the affidavit alone was insufficient to allow the issuing magistrate to credit the informant's tip.

"[T]he deficiency in the informant's basis of knowledge 'may be overcome by a *strong* showing of the informant's reliability.' *State* v. *Rodriguez,* [223 Conn. 127, 141, 613 A.2d 211 (1992)]." (Emphasis added.) *State* v. *DeFusco* 224 Conn. 627, 643, 620 A.2d 746 (1993). The defendants have not contested the relia-

bility or veracity of the confidential informant. The state, however, contends that the informant's reliability was adequate to allow the issuing magistrate to rely on the informant's story.

The affidavit states that the informant "has provided the affiants with reliable information in the past that had led to the arrests of those involved and the seizures of narcotics and other narcotic related contraband."[7] A history of aid to the police may help to establish a confidential informant's reliability. *State* v. *Morrill,* 205 Conn. 560, 567, 534 A.2d 1165 (1987); see also *State* v. *Rodriguez,* supra, 223 Conn. 136. Nevertheless, "[t]he affiants' assertion that the informant was reliable does not itself give the issuing judge a basis upon which to infer reliability." *State* v. *DeFusco,* supra, 643. Indeed, providing reliable information often in the past may serve to detract from an informant's trustworthiness by evidencing a close association with criminal activity. Id. Confidential informants are often "criminals, drug addicts, or even pathological liars" who may have a variety of self-serving motives for supplying the police with information. *State* v. *Duntz,* supra, 218.

The issuing magistrate is still permitted to determine that the informant was reliable in view of the "totality of the circumstances." Although our Supreme Court in *State* v. *DeFusco,* supra, noted that the issuing judge might reasonably infer reliability from an informant's track record, that court relied on the presence of glassine bag and short straws in the defendant's trash in finding that, "[t]aken together, under the totality of the circumstances, this information amounted to a sufficiently strong showing of the informant's reliability and, therefore compensated for a lack of information regarding his basis of knowledge." Id., 644.

---

[7] We note that although the informant's past information had led to "arrests" in other narcotics matters, the affidavit does not mention any "convictions" resulting from those matters.

While statements of an informant that are corroborated by the police are entitled to greater weight; see *State* v. *Rodriguez,* supra, 223 Conn. 136; the corroborating evidence in the present case was insufficient to create such a strong showing of reliability. The police officer affiants confirmed that defendant Radicioni lived at 6 Faye Street (which, as the informant indicated, was near the Coca Cola bottling plant), that he had a phone number listed in his name at that address, and that he had a pickup truck registered to the same address.

The police further corroborated some of the informant's story by conducting two buys through a third party who was observed meeting with a white male who left the defendant's house and drove the defendant's pickup truck. The state contends that the issuing magistrate reasonably could have inferred that the defendant was a sophisticated dealer of marijuana who avoided detection by dealing through a specific middle man. The white male who left from 6 Faye Street was never identified as the defendant. The affidavit merely established that someone, perhaps the defendant, met with the third party. There is nothing in the affidavit to indicate that the defendant was observed in possession of, in a conversation related to, or in an exchange involving marijuana.

Further, it was not possible for the police to search the third party or his car either before or after the buy. Nothing establishes that the marijuana ultimately seized by the police from the informant came from the white male who left from 6 Faye Street rather than from the third party. The inferences the state asks us to draw from the affidavit, namely, that the white male from 6 Faye Street was the defendant, that he and the third party made an exchange involving marijuana, and that the marijuana was ultimately sold to the informant, are too tenuous to be "reasonably drawn." Such tenu-

ous inferences do not establish probable cause to believe that *this* defendant was engaged in criminal drug activity.

Even if there had been sufficient extrinsic evidence to establish reliability, demonstrating the reliability of the informant in reporting criminal activity is not by itself enough to establish probable cause for a search warrant. "Two conditions necessary for a search warrant to issue are (1) that there is probable cause to believe a crime has been committed and that the particular items sought to be seized are connected with criminal activity or will assist in a particular apprehension or conviction, and (2) that there is probable cause to believe that the items sought to be seized will be found in the place to be searched." *State* v. *Rodriguez,* supra, 27 Conn. App. 313; see also *State* v. *Duntz,* supra, 215. Therefore, in the case at hand, the warrant affidavit must establish probable cause not only that the defendant was engaged in criminal activity, but that there was probable cause to believe that drug paraphernalia would be located at 6 Faye Street.

The only information contained in the affidavit connecting fruits of the criminal activity with 6 Faye Street is the affiants' assertion that such items are usually concealed by traffickers of drugs in their residences. " 'Actual observations of illegal activity or contraband in the premises to be searched . . . are not required to establish probable cause.' (Internal quotation marks omitted.) *State* v. *Diaz,* 27 Conn. App. 427, 432, 607 A.2d 439 (1992) [aff'd, 226 Conn. 514, 628 A.2d 567 (1993)]." *State* v. *Toth,* supra, 855. "The nexus between the items sought and the place to be searched may be inferred from the type of crime, the nature of the evidence, the extent of an opportunity for concealment and normal inferences as to where a criminal would likely hide the item. . . . The quantum of certainty required is a 'fair probability' that the search will yield

the article specified." (Citations omitted.) *State* v. *Rodriguez,* supra, 27 Conn. App. 313–14; *State* v. *Vincent,* supra, 257. The affiants' assertion is dependent on the existence of probable cause to believe that the defendant was engaged in criminal activity. That did not exist in this case. Absent such, some independent nexus is needed between the criminal activity and the place to be searched.

The state cites two cases in support of the proposition that the assertion of the affiants that drug paraphernalia is frequently hidden in a drug trafficker's residence is enough to connect the place searched with criminal activity. *State* v. *Castano,* 25 Conn. App. 99, 102, 592 A.2d 977 (1991); *State* v. *Vallas,* 16 Conn. App. 245, 62, 547 A.2d 903 (1988), aff'd, 212 Conn. 485, 563 A.2d 660 (1989). In both of those cases, however, there was additional corroborating evidence on which the judge could establish such a connection. In *State* v. *Castano,* supra, the informant stated that he had personal knowledge of large amounts of cash often being stored at the defendant's residence. In *State* v. *Vallas,* supra, wire taps had previously established a large scale drug conspiracy and the fact that the defendants were actively involved in selling narcotics. Similarly, In *State* v. *Diaz,* supra, the court found that there was probable cause to search the defendant's house where the informant attested in the warrant affidavit that narcotics transactions were negotiated in the defendant's residence and that the defendant had been a conduit for the money in one of the transactions and, in two other transactions, the defendant's conversations and contact with the informant had led to cocaine's being brought to the defendant's house to be purchased there.

In the present case, the information in the affidavit does not amount to anything more than " 'a conclusory statement to the effect that the affiants had probable cause,' " to believe that drug paraphernalia would

be located at 6 Faye Street. *State* v. *Vallas,* supra, 263, citing *State* v. *DeChamplain,* 179 Conn. 522, 531, 427 A.2d 1338 (1980) (no probable cause to search was established where the only nexus to the place searched was a single telephone call). The information does not constitute a substantial factual basis for a finding of probable cause to search.

Mere suspicion or even a strong reason to suspect is insufficient to establish probable cause. "Moreover, physical entry of the home is the chief evil against which the . . . Fourth Amendment is directed, and unless Government safeguards its own capacity to function and to preserve the security of its people, society itself could become so disordered that all rights and liberties would be endangered. . . ." (Citations omitted; internal quotation marks omitted.) *State* v. *Duntz,* supra, 220. In this case, the affidavit failed to establish that the person who met with the third party was ever in possession of marijuana or that the person concealed marijuana in his place of residence.

We conclude that the trial court properly determined that there was not a substantial factual basis from which the issuing magistrate could have found that the warrant affidavit established probable cause that this defendant was engaged in criminal activity and that the fruits of that criminal activity would be located at 6 Faye Street.

The judgment is affirmed.

In this opinion LANDAU, J., concurred.

DALY, J., dissenting. I respectfully dissent. The information before the issuing magistrate was sufficient to satisfy the totality of the circumstances test as enunciated in *State* v. *Barton,* 219 Conn. 529, 594 A.2d 917 (1991). Hence, I would reverse the trial court's order granting the motions to suppress.