[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
MOTIONS TO SUPPRESS
On April 23, 1992, the defendants' residence was searched by members of the Statewide Narcotics Task Force — Eastern Division. The search in the seizure of drug paraphernalia, cash, and a quantity of marijuana." State v. Radicioni, 32 Conn. 267, CT Page 2173 269 (August 3, 1993).
The search was conducted pursuant to a search warrant. The Honorable Robert A. Martin, a judge of the Superior Court, had issued the search warrant on April 17, 1992.
Defendants moved to suppress claiming:
 "1. The warrant is insufficient in that there is not probable cause for believing that a crime had been committed.
 "2. The warrant is insufficient in that there is not probable cause to believe any of the property to be seized is located at the premises to be searched." Motion to Suppress, August 5, 1992, pp. 1-2.
These motions to suppress have had considerable judicial attention. "The motions were heard before the trial court, Stanley, J., on August 24, 1992. The trial court granted the motions in open court on September 8, 1992, and accordingly, filed an order that date. The informations were dismissed with prejudice by the trial court, Purtill, J., on September 14, 1992. On the same day, the state was granted permission to appeal." State v. Radicioni, 32 Conn. App. 267, 269 (August 3, 1993).
The Appellate Court (Daly, Foti and Landau, Js.) described the issue on appeal.
 "In this consolidated action, the state appeals from a decision of the trial court granting the defendants' motions to suppress evidence obtained pursuant to search warrant. The sole issue presented on appeal is whether the trial court improperly granted defendants, motions to suppress the evidence seized in the search of the defendants' residence. We affirm the trial court's judgment., [Footnote omitted.] State v. Radicioni, 32 Conn. App. 267, 268 (August 3, 1993).
The Appellate Court held: "We conclude that the trial court properly determined that there was not a substantial factual basis from which the issuing could nave found mat the warrant affidavit established probable cause that this defendant was engaged in criminal activity and that the fruits of than criminal activity would be located at 6 Faye Street." State v. Radicioni, 279. CT Page 2174
One judge, Daly, J., dissented saying:
 "`I respectfully dissent. The information before the issuing magistrate was sufficient to satisfy the totality of the circumstances test as enunciated in State v. Barton, 219 Conn. 529, 594 A.2d 917 (1991). Hence, I would reverse the trial court's order granting the motions to suppress." Radicioni, 279.
The state sought certification. The Supreme Court's Order on Petition for Certification to Appeal stated:
 "On consideration of the petition by the State of Connecticut for certification to appeal from the Appellate Court (32 Conn. App. 267 [AC 11776 and AC 11777]]) it is hereby ordered that said petition be, and the same is hereby granted. It is further ordered that the matter be remanded to the Appellate Court for reconsideration in light of this court's decision in State of Connecticut v. Ruben Diaz, 226 Conn. 514." 226 Conn. 614." State v. Radicioni, 227 Conn. 921 (September 15, 1993).
The same Appellate Court panel (i.e. Daly, Foti and Landau, Js.) considered the remand. The panel stated:
 "PER CURIAM. This consolidated action is now before us on remand from the Supreme Court. The relevant facts are fully reported in State v. Radicioni 32 Conn. App. 267, 629 A.2d 432, remanded for reconsideration, 227 Conn. 921, ___ A.2d ___ (1993). We have reconsidered our decision in light of State v. Diaz, 226 Conn. 514, 628 A.2d 567 (1993).
 "The judgments are reversed and the case is remanded for further proceedings." State v. Radicioni, 33 Conn. App. 904
(November 2, 1993).
State v. Diaz, 226 Conn. 514 (July 20, 1993), held that "a criminal defendant is [not] entitled to a de novo review of an issuing judge's determination that probable cause existed to issue a search warrant. State v. Diaz, 515-16.
The trial court had originally held there was no probable CT Page 2175 cause for the search Therefore, "[t]he informations were dismissed with prejudice by the trial court on September 14, 1992." State v. Radicioni, 32 Conn. 267, 269 (August 3, 1993). The Appellate Court majority originally had agreed with the trial court and held there was no probable cause for the search warrant. The Appellate Court's reversal and remand order necessarily means it now has held there was probable cause for the search warrant. The judgments the Appellate Court reversed were the September 14, 1992 dismissals of the informations. The remand for further proceedings does not mean further proceedings on the Motions to Suppress.
This case is ordered to the pretrial list.
Parker, J.