STATE OF CONNECTICUT *v.* PETER J. HASELMAN
(11731)

DUPONT, C. J., O'CONNELL and HEIMAN, Js.

Argued September 21—decision released December 14, 1993

Michael Parizo, for the appellant (defendant).

Marjorie Allen Dauster, assistant state's attorney, with whom, on the brief, were C. Robert Satti, Sr., state's attorney, and Michael Regan, assistant state's attorney, for the appellee (state).

O'CONNELL, J. This appeal follows the defendant's conditional plea of nolo contendere and subsequent conviction of operating a motor vehicle while under the influence of intoxicating liquor in violation of General Statutes § 14-227a. The defendant claims that the trial court improperly denied his motion to suppress evidence. We affirm the judgment of the trial court.

For purposes of the hearing on the motion to suppress, the parties filed a written stipulation of facts.[1] Facts necessary for disposition of this appeal may be

---

[1] The parties' full stipulation is as follows: "(1) On or about Sunday, July 21, 1991, at 12:45 a.m., the defendant, Peter J. Haselman, sustained serious physical injuries as a result of a motor vehicle accident. (2) The injuries which Mr. Haselman sustained included a fractured right arm and a fractured foot. (3) The injuries which Mr. Haselman received prevented him from standing or walking. Mr. Haselman could not drive a car; nor could he work or otherwise care for himself at any of the times hereinafter mentioned. (4) The injuries which Mr. Haselman received would prevent him from standing, walking, driving a car, working or otherwise caring for himself for a period of time in excess of 45 days. (5) The injuries which Mr. Haselman received still prevent him from working and can be expected to do so for another 3 or 4 months time. (6) Mr. Haselman was put on a stretcher, placed in an ambulance and transported to the Wm. W. Backus Hospital. (7) Subsequent to his admission to the hospital, blood was drawn from Mr. Haselman in the regular course of business of the hospital for the diagnosis and treatment of Mr. Haselman's injuries. The blood was drawn by a person licensed to practice medicine and surgery in this state, a resident physician or intern in a hospital in this state, a qualified laboratory technician, an emergency medical technician II or a registered nurse. (8) Mr. Haselman was not advised that blood would be drawn from him

summarized as follows. As a result of injuries suffered in a motorcycle-motor vehicle accident, the defendant was taken to William W. Backus Hospital where blood was drawn from him for purposes of diagnosis and treatment. The blood drawing did not meet the requirements for admission into evidence of a police administered blood test pursuant to General Statutes § 14-227a (c), but did meet the requirements of a hospital administered test under General Statutes § 14-227a (*l*).

The defendant argues that the evidence should have been suppressed because the hospital blood test section violates various provisions of the state and federal constitutions. While this appeal was pending, we decided *State* v. *DesLaurier,* 32 Conn. App. 553, 630 A.2d 119, cert. granted on other grounds, 227 Conn. 930, 632 A.2d 705 (1993), in which we determined many of the issues raised here. In *DesLaurier,* we held that blood test results obtained under General Statutes § 14-227 subsection (*l*), applicable to the admissibility of hospital administered tests, were admissible despite the test's not meeting the requirements of subsection (c), applicable to the admissibility of police administered

as a result of his admission. He did not give his consent to have his blood drawn. At the time the blood was drawn, he was not advised that his blood would be tested for its alcohol content nor was he advised that the result of any such test could be subpoenaed by the State Police and used as evidence against him in a subsequent prosecution for driving while intoxicated. (9) Mr. Haselman was not given an opportunity to telephone an attorney prior to his blood being drawn or tested. (10) At the time Mr. Haselman's blood was drawn and tested, Mr. Haselman was conscious and alert. He was capable of either consenting, or refusing to submit, to a chemical analysis of his blood. He was capable of using a telephone and one was available for his use. (11) The device used to test Mr. Haselman's blood was not checked for accuracy immediately before the test was performed. (12) The device used to test Mr. Haselman's blood was not checked for accuracy immediately after the test was performed. (13) An additional chemical test of the same type was not performed at least thirty minutes after the initial test was performed."

tests.[2] Id., 566. We also refused to subject the defendant's claim to equal protection analysis under the state[3] and federal[4] constitutions on the ground that the injured versus uninjured person classification on which the defendant's claim rested did not exist. Id., 566–67.

In the present case, the defendant raises two additional claims. First, the defendant claims that subsections (c) and (*l*) of § 14-227a classify motor vehicle operators on the basis of physical disability, which he contends is a suspect class under the state and federal constitutions requiring the state to demonstrate that the challenged statute is necessary to further a compelling state interest. *Daly* v. *DelPonte,* 225 Conn. 499, 515, 624 A.2d 876 (1993). The defendant relies on federal statutory definitions of physical disability[5] in concluding that the injuries he suffered in the accident amounted to a physical disability for the purposes of equal protection analysis. The fallacy in the defendant's position is that it presupposes that § 14-227a (c) and (*l*) establish a classification on the basis of physical injury, which our decision in *DesLaurier* ruled out. See *State* v. *DesLaurier,* supra, 566–67.

---

[2] See footnote 1, sentences seven through twelve of the stipulation.

[3] The constitution of Connecticut, article first, § 20, as amended, provides: "No person shall be denied the equal protection of the law nor be subjected to segregation or discrimination in the exercise or enjoyment of his or her civil or political rights because of religion, race, color, ancestry, national origin, sex or physical or mental disability."

[4] The constitution of the United States, amendment fourteen, § 1, provides: "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

[5] The defendant cites 42 U.S.C. § 12102 of the Americans with Disabilities Act, which defines physical disability as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such impairment; or (C) being regarded as having such an impairment."

Notwithstanding this, the defendant asks us to interpret § 14-227a as mandating a postaccident determination in order to decide whether, for the purpose of equal protection analysis, he suffered permanent physical disabilities. We decline to follow the defendant's reasoning because whether a motor vehicle operator suffered permanent disabling injuries has no bearing on a hospital's decision to administer a blood test. Moreover, the protections afforded that operator under § 14-227a (*l*) with respect to the subsequent admission of his or her blood tests at trial are wholly adequate under the circumstances. See *State* v. *DesLaurier,* supra, 567; see also General Statutes § 14-227a (*l*).

Additionally, the injuries suffered by the defendant would not qualify him as a member of the class of physically disabled persons contemplated in the Connecticut constitution.[6] Our review of the hearings on the adoption of the disability clause indicates a clear intention on the part of the drafters, because of past discrimination and unequal treatment, to provide constitutional protection to persons with *chronic* physical and mental disabilities. See 26 S. Proc., Pt. 9, 1983 Sess., p. 3173.

That the defendant was an otherwise healthy person who suffered serious injury as a consequence of a motor vehicle accident is not disputed.[7] At the accident scene and in the hospital, however, the defendant did not suddenly join a constitutionally protected class "especially subject to discrimination . . . requir[ing] the appli-

---

[6] Because we find that the defendant's injuries did not render him a member of the class of physically disabled pursuant to the Connecticut constitution, which affords greater protection to such persons than does the equal protection clause of the United States constitution; compare *Daly* v. *DelPonte,* 225 Conn. 499, 515, 624 A.2d 876 (1993) with *Cleburne* v. *Cleburne Living Center, Inc.,* 473 U.S. 432, 446, 105 S. Ct. 3249, 87 L. Ed. 2d 313 (1985); we need not address the appellant's equal protection claim under its federal counterpart.

[7] See footnote 1, sentences one through six of the stipulation.

cation of the highest standard of review to vindicate [its members'] constitutional rights." See *Daly* v. *Del-Ponte, supra,* 515. He was the unfortunate victim of an automobile accident. To hold otherwise would render the disability clause of the Connecticut constitution meaningless. Accordingly, the defendant's claim fails.

Second, the defendant claims that § 14-227a (c) and (*l*) violate his right to equal protection of the law in that they impinge on the fundamental right to be free from discrimination based on physical disability under the state and federal constitutions. In view of our conclusion that the defendant does not fall within the class of physically disabled persons protected by the Connecticut constitution, we need not address this or any of the defendant's remaining claims.

The judgment is affirmed.

In this opinion the other judges concurred.