# STATE OF CONNECTICUT *v.* DONALD BARBER, JR.
## (14735)

Lavery, Schaller and Hennessy, Js.

Argued December 12, 1995—officially released August 13, 1996

*Gilbert Shasha*, for the appellant (defendant).

*Denise B. Smoker*, deputy assistant state's attorney, with whom, on the brief, were *Kevin T. Kane*, state's attorney, and *Peter McShane*, assistant state's attorney, for the appellee (state).

HENNESSY, J. The defendant, Donald Barber, Jr., entered a conditional plea of nolo contendere[1] to the charge of violating subdivisions (1) and (2) of General Statutes § 14-227a (a),[2] the behavioral and per se subdivisions of the statute prohibiting the operation of a motor vehicle while under the influence of alcohol. The court accepted the plea, rendered a judgment of guilty and imposed sentence. The defendant claims that the trial court improperly denied (1) his motion to suppress his blood test results because the search warrant was not supported by probable cause and (2) his motion to

[1] General Statutes § 54-94a provides: "When a defendant, prior to the commencement of trial, enters a plea of nolo contendere conditional on the right to take an appeal from the court's denial of the defendant's motion to suppress evidence based on an unreasonable search or seizure, motion to suppress statements and evidence based on the involuntariness of a statement or motion to dismiss, the defendant after the imposition of sentence may file an appeal within the time prescribed by law. The issue to be considered in such an appeal shall be limited to whether it was proper for the court to have denied the motion to suppress or the motion to dismiss. A plea of nolo contendere by a defendant under this section shall not constitute a waiver by the defendant of nonjurisdictional defects in the criminal prosecution."

[2] General Statutes § 14-227a (a) provides in part: "No person shall operate a motor vehicle while under the influence of intoxicating liquor or any drug or both. A person commits the offense of operating a motor vehicle while under the influence of intoxicating liquor or any drug or both if he operates a motor vehicle on a public highway of this state . . . (1) while under the influence of intoxicating liquor . . . or (2) while the ratio of alcohol in the blood of such person is ten-hundredths of one per cent or more of alcohol, by weight."

suppress the blood test results and his motion to dismiss the charges against him because, under § 14-227a (*l*), the results of a chemical analysis of a single hospital blood test are not admissible or competent evidence without expert extrapolation testimony.

On October 10, 1993, the defendant, while operating a motorcycle, was involved in a collision with an automobile. As a result of the accident, the defendant suffered injuries and was taken by ambulance to a hospital, where hospital personnel performed a test to determine the amount of alcohol in his blood. On October 18, 1993, the police submitted an affidavit and application for a search and seizure warrant to seize the results of the blood test indicating the defendant's blood alcohol content (BAC). The court found probable cause and signed the search and seizure warrant. The defendant moved to suppress the hospital records, and the trial court denied the motion.

The court also denied the defendant's accompanying motion to dismiss the charges based on a claim of insufficiency of the evidence. That claim is based on the defendant's contention that the results of the blood test were inadmissible because a second blood sample was not taken and because the state stipulated that it would not present extrapolation testimony. After the trial court denied these motions, the defendant entered a conditional plea of nolo contendere to the charges under both subdivisions of § 14-227a (a). This appeal followed.

I

The defendant's first claim is that the affidavit and application in support of the search and seizure warrant seeking the results of the toxicology screen performed on the blood sample taken from the defendant at the hospital did not establish probable cause. The defendant contends that the affidavit and application failed

to establish any evidence regarding the "quantity" of alcohol in the defendant's body at the time of operation. The gravamen of his complaint is that the court could not have found probable cause on the facts relied on and, therefore, could not have issued a valid warrant. Without a valid warrant, he argues, the results of his blood test are not admissible against him.

"Probable cause, broadly defined, comprises such facts as would reasonably persuade an impartial and reasonable mind not merely to suspect or conjecture, but to believe that criminal activity has occurred. . . . Probable cause to search exists if: (1) there is probable cause to believe that the particular items sought to be seized are connected with criminal activity; and (2) there is probable cause to believe that the items named will be found in the place to be searched. . . . [*State* v. *Barton*, 219 Conn. 529, 547–48, 594 A.2d 917 (1991)]. The role of an appellate court reviewing the validity of a warrant is to determine whether the affidavit at issue presented a substantial factual basis for the magistrate's conclusion that probable cause existed. *State* v. *Johnson*, 219 Conn. 557, 565, 594 A.2d 933 (1991). *State* v. *Duntz*, [223 Conn. 207, 215, 613 A.2d 224 (1992)].

"This court's scope of review, in evaluating the existence of probable cause, is limited to the facts that appear on the four corners of the affidavit or facts that may be properly inferred from those facts. *State* v. *Couture*, 194 Conn. 530, 536, 482 A.2d 300 (1984), cert. denied, 469 U.S. 1192, 105 S. Ct. 967, 83 L. Ed. 2d 971 (1985). In so doing, we must use common sense; *State* v. *Castano*, 25 Conn. App. 99, 101, 592 A.2d 977 (1991); and defer to the reasonable inferences drawn by the [issuing] magistrate. *State* v. *Barton*, supra, 219 Conn. 544–45. Our role is to determine whether the affidavit at issue presented a substantial factual basis for the magistrate's conclusion that probable cause existed. *State* v. *Johnson*, supra, 219 Conn. 565. . . .

*State* v. *Anziano,* [26 Conn. App. 667, 672, 603 A.2d 415 (1992)]." (Citations omitted; internal quotation marks omitted.) *State* v. *Marsala,* 42 Conn. App. 1, 6–7, 679 A.2d 367 (1996).

The search and seizure warrant affidavit presented in this case contained the following information. Michelle Pike was headed south and had stopped to make a left turn into a parking lot. The defendant, who was operating a motorcycle traveling south on the same road, failed to see Pike's vehicle until he was a short distance away. He applied his brakes and veered left at the same time that Pike began to turn left. The vehicles collided. The defendant was injured, taken to a hospital and a blood test was performed during the course of the treatment he received for his injuries. Pike's vehicle's lights were on, and the stretch of road where the collision occurred was straight, with no physical or sight obstructions. During the course of an interview with the defendant at the hospital, the affiant, a police officer, detected a strong odor of liquor on the defendant's breath. When asked if he "had been consuming alcoholic beverage," the defendant stated that he had been drinking at the Stone House Cafe prior to the accident. The warrant requested that the blood sample taken from the defendant at the hospital be seized as evidence to establish probable cause to arrest the defendant for operating a motor vehicle while under the influence of liquor and drugs.

The defendant argues that the facts contained in the affidavit do not establish with any certainty the quantity of alcohol in his body at the time of the accident. He contends that the affidavit merely establishes the possibility that his BAC was greater than the legal limit. Applying the information contained in the affidavit and application for the search and seizure warrant to the principles set forth in *Barton* and the cases cited therein, we conclude that probable cause existed to

issue the warrant. It was not unreasonable for the magistrate to believe that a criminal offense had taken place on the basis of the facts that the defendant was operating a motorcycle with an unobstructed view of the road, failed to observe a motor vehicle stopped in the road with its lights on in time to avoid the collision, had a strong odor of liquor on his breath and admitted to having been drinking alcohol shortly before the accident.

Accordingly, we hold that the trial court correctly concluded that, under the totality of circumstances, there was probable cause to issue the search and seizure warrant.

## II

The defendant next claims that the results of a single blood chemical analysis obtained pursuant to General Statutes § 14-227a (*l*) are not relevant or admissible to prove a violation of General Statutes § 14-227a (a) without a second test and extrapolation testimony. The defendant relies on *State* v. *Geisler*, 22 Conn. App. 142, 162, 576 A.2d 1283, cert. denied, 215 Conn. 819, 576 A.2d 547 (1990), vacated, 498 U.S. 1019, 111 S. Ct. 663, 112 L. Ed. 2d 657, on remand, 25 Conn. App. 282, 594 A.2d 985 (1991), aff'd, 222 Conn. 672, 610 A.2d 1225 (1992). Initially, we note that the defendant pleaded nolo contendere to both the behavioral and per se subdivisions of § 14-227a (a), subdivisions (1) and (2) respectively.

In *State* v. *Geisler*, supra, 22 Conn. App. 161–62, this court held that the statutory scheme of General Statutes (Rev. to 1985) § 14-227a (c) (5) and (6), as amended by No. 85-596 of 1985 Public Acts, required extrapolation testimony. Subdivision (5) provided for a second test and subdivision (6) provided, in part, that "evidence [be] presented which demonstrates that the test results *and the analysis thereof* accurately reflect the blood

alcohol content at the time of the alleged offense." (Emphasis added.) The court relied on this language and its legislative history to conclude that evidence presented pursuant to § 14-227a (c) to prove a violation of the per se subdivision, § 14-227a (a) (2) requires extrapolation testimony. *Geisler* did not pertain to evidence presented pursuant to § 14-227a (*l*), the hospital subsection, to prove a violation of either subdivision (1) or (2) of § 14-227a (a).

In *State* v. *Gilbert*, 30 Conn. App. 428, 437, 620 A.2d 822 (1993), this court addressed the issue of whether test results presented pursuant to the hospital subsection, § 14-227a (*l*), are admissible to prove a violation of the behavioral subsection, § 14-227a (a) (1). This court concluded that subsection (*l*) of § 14-227a "makes admissible as evidence, for the prosecution of a violation under § 14-227a (a), any chemical analysis of the defendant's blood that is taken at a hospital. Such chemical analyses are therefore admissible under § 14-227a (*l*) 'notwithstanding the provisions of subsection (c)' for both behavioral and per se violations under § 14-227a (a)." Id., 439–40. The court held that § 14-227a (c) was inapplicable because the evidence was being proffered pursuant to the hospital subsection, § 14-227a (*l*). Id., 440.

The defendant asks this court to require a second test and extrapolation testimony for test results admitted pursuant to the hospital subsection, § 14-227a (*l*). The defendant contends that *Geisler* supports his request. The defendant's reliance on *Geisler* is misplaced. *Geisler* required a second test and extrapolation testimony because the evidence in that case was proffered pursuant to § 14-227a (c). Section 14-227a (c) specifically required a second test, and this court interpreted the "*analysis thereof*" language in subdivision (6) of § 14-227a (c), together with its legislative history, to require extrapolation testimony. In this case, the state proffered the evidence pursuant to the hospital subsec-

tion, § 14-227a (*l*), which contains neither requirement.[3] In fact, since *Geisler*, the legislature has amended the "analysis thereof" language of subdivision (6) of § 14-227a (c) to eliminate the requirement of extrapolation evidence under most circumstances. See *State* v. *Korhn*, 41 Conn. App. 874, 678 A.2d 492 (1996). Furthermore, *Gilbert* tells us that evidence presented pursuant to the hospital subsection, § 14-227a (*l*), is not subject to the prerequisites of § 14-227a (c). See also *State* v. *Haselman*, 33 Conn. App. 242, 244–45, 635 A.2d 310 (1993), cert. denied, 228 Conn. 921, 636 A.2d 851 (1994); *State* v. *DesLaurier*, 32 Conn. App. 553, 562–65, 630 A.2d 119 (1993), aff'd, 230 Conn. 572, 646 A.2d 108 (1994).

We see no requirement in the statutory scheme or case law cited by the defendant that evidence presented pursuant to § 14-227a (*l*) be subject to the prerequisites formerly set forth in § 14-227a (c) (6). If we were to conclude that such prerequisites exist, without a basis in statute or case law, we would be usurping the authority of the legislature.

The defendant also claims that the trial court improperly denied his motion to suppress and motion to dismiss on the ground that the results of a single test, without extrapolation testimony, are irrelevant, inadmissible and insufficient to prove a violation of § 14-227a (a) (1). The defendant contends that the single test does not prove the defendant's BAC at the time of operation and has a highly prejudicial effect. The trial court denied both motions, reasoning that the absence of extrapolation testimony affected the weight of the evidence, rather than its admissibility.

The defendant essentially asks us to hold that evidence of the defendant's BAC one and one-half hours

---

[3] *State* v. *Cooper*, 38 Conn. App. 661, 663–64, 671–72, 664 A.2d 773, cert. denied, 235 Conn. 908, 665 A.2d 903 (1995), is also inapplicable because in that case, as in *Geisler*, the hospital subsection, § 14-227a (*l*), was not involved.

after a collision is irrelevant, without extrapolation testimony, to prove that he was operating a motor vehicle while "under the influence of intoxicating liquor" in violation of § 14-227a (a) (1) or "while the ratio of alcohol in [his] blood [was] ten-hundredths of one per cent or more of alcohol, by weight" in violation of § 14-227a (a) (2).

"Relevant evidence is evidence that has a logical tendency to aid the trier in the determination of an issue. *State* v. *Jeffrey*, 220 Conn. 698, 704, 601 A.2d 993 (1991), cert. denied, 505 U.S. 1224, 112 S. Ct. 3041, 120 L. Ed. 2d 909 (1992). We have also held that evidence need not exclude all other possibilities [to be relevant]; it is sufficient if it tends to support the conclusion [for which it is offered], even to a slight degree. *State* v. *Rinaldi*, 220 Conn. 345, 353, 599 A.2d 1 (1991); *State* v. *Jeffrey*, supra, 706. *State* v. *Marra*, 222 Conn. 506, 521, 610 A.2d 1113 (1992).

"[T]he fact that evidence is susceptible of different explanations or would support various inferences does not affect its admissibility, although it obviously bears upon its weight. So long as the evidence may reasonably be construed in such a manner that it would be relevant, it is admissible. . . . *State* v. *Joly*, 219 Conn. 234, 252, 593 A.2d 96 (1991). The trial court has broad discretion to determine the relevancy of evidence, and we will not disturb a trial court's ruling on the admissibility of evidence in the absence of a clear abuse of discretion. *State* v. *Holliman*, 214 Conn. 38, 50, 570 A.2d 680 (1990)." (Internal quotation marks omitted.) *State* v. *Sauris*, 227 Conn. 389, 406–407, 631 A.2d 238 (1993).

In *State* v. *Geisler*, supra, 22 Conn. App. 164–65, this court rejected the proposition that the result of a test administered after operation, combined with evidence of the defendant's behavior, the amount of alcohol the defendant consumed and the time that it was consumed

is sufficient to find that the test results accurately reflect a defendant's blood alcohol level at the time of the offense. *State* v. *Geisler*, supra, 165, which involved a sufficiency of the evidence analysis, rejected that proposition for three reasons: first, the test results establish a per se offense; second, the existence of the "and the analysis thereof" language and the requirement of a second test in subsection (c) of the statute; and, third, the legislative debate concerning the reliability of test results.

We conclude that *Geisler* is inapplicable to the present case for three reasons. First, as we have stated above, the statutory language on which *Geisler* based its conclusions does not appear in subsection (*l*) of § 14-227a. Subsection (*l*) does not contain a requirement for a second test, nor does it contain the "analysis thereof" language. Second, we held in *State* v. *Gilbert*, supra, 30 Conn. App. 440, that the language of subsection (*l*) of § 14-227a is clear and does not require reference to legislative history. Therefore, any reference to the legislative history in *Geisler* is irrelevant to this case. Finally, *Geisler* involved a sufficiency claim as opposed to an admissibility claim, as in this case. Therefore, *Geisler* does not prohibit the admission of blood test results as relevant to the determination of whether at the time of operation the defendant was under the influence of intoxicating liquor or had a BAC of 0.10 percent or greater.

We do not decide whether the blood test result proffered pursuant to § 14-227a (*l*) alone, without extrapolation testimony, would have been sufficient to support a prosecution under § 14-227a (a), but merely that the blood test, together with evidence concerning the defendant's behavior or other evidence that the state may have presented, could allow a reasonable jury to find that the defendant was operating a motor vehicle while under the influence of intoxicating liquor or while

his BAC was 0.10 percent or greater. See *State* v. *Hanich,* 200 Conn. 615, 623–24, 513 A.2d 638 (1986); *State* v. *Plourde,* 3 Conn. Cir. Ct. 465, 477–78, 217 A.2d 423 (1965).

Accordingly, we conclude that the trial court did not improperly deny the defendant's motion to suppress or motion to dismiss.

The judgment is affirmed.

In this opinion the other judges concurred.