## STATE OF CONNECTICUT *v.* INKE SUNILA
## (AC 26828)

McLachlan, Rogers and West, Js.

---

Argued October 25—officially released December 26, 2006

*Joshua Lanning*, with whom, on the brief, were *Ira B. Grudberg* and *Trisha M. Morris*, for the appellant (defendant).

*Timothy F. Costello*, special deputy assistant state's attorney, with whom, on the brief, was *Michael Dearington*, state's attorney, and *Anthony J. Spinella*, deputy assistant state's attorney, for the appellee (state).

*Opinion*

WEST, J. The defendant, Inke Sunila, appeals from the judgment of conviction, rendered after a jury trial, of operating a motor vehicle while under the influence of intoxicating liquor in violation of General Statutes § 14-227a (a) (1). On appeal, the defendant claims that the trial court improperly denied her motion to set aside the verdict and for a new trial. We affirm the judgment of the trial court.

On October 27, 2003, at approximately 11:30 p.m., Trooper Joseph Gerbino of the Connecticut state police responded to a 911 call regarding a Jeep that was being

driven erratically in Bethany. After locating the Jeep, Gerbino saw it swerve across the double yellow line on Amity Road and then drive on the wrong side of Munson Road. Gerbino initiated a traffic stop of the Jeep and observed that the defendant was the driver. The defendant's breath smelled of alcohol and her eyes were bloodshot and glassy. The defendant stated that she had consumed four alcoholic drinks earlier that evening. Gerbino then administered field sobriety tests. After the defendant failed the horizontal gaze nystagmus[1] test, the walk and turn test, and the one leg stand test, Gerbino arrested her and transported her to the state police barracks in Bethany. The defendant then submitted to a Breathalyzer test. That test indicated that her blood alcohol content was 0.239 percent, which is nearly three times the legal limit of 0.08 percent set by General Statutes § 14-227a (a) (2). Thirty minutes after that test, the defendant submitted to a second test, which indicated that her blood alcohol content was 0.224 percent.

The state charged the defendant with violating subdivisions (1) and (2) of General Statutes § 14-227a (a), which are known, respectively, as the behavioral and per se subdivisions of that statute. *State* v. *Barber*, 42 Conn. App. 589, 590, 681 A.2d 348 (1996). The behavioral subdivision prohibits a person from operating a motor vehicle while under the influence of intoxicating liquor. General Statutes § 14-227a (a) (1). The per se subdivision prohibits a person from operating a motor vehicle while he has a blood alcohol content of 0.08 percent or greater. General Statutes § 14-227a (a) (2).

At trial, the defendant argued that she had driven erratically on October 27, 2003, not because she had

---

[1] "Nystagmus is the inability of the eyes to maintain visual fixation on a stimulus when the eyes are turned to the side, often resulting in a lateral jerking of the eyeball." (Internal quotation marks omitted.) *State* v. *Balbi*, 89 Conn. App. 567, 570–71, 874 A.2d 288, cert. denied, 275 Conn. 919, 883 A.2d 1246 (2005).

consumed four alcoholic drinks, but instead because her blood sugar level had dropped significantly, causing her to become disoriented. The defendant testified that she had been dieting and exercising heavily for several months just prior to October 27, 2003, and she presented expert testimony that heavy dieting and exercise can cause a significant decrease in blood sugar level. She also presented evidence that she had been suffering from iron poisoning on October 27, 2003, and expert testimony that iron poisoning can decrease a person's blood sugar level. The breath of a person with low blood sugar contains organic compounds known as ketones, which can cause a Breathalyzer to register exaggerated readings of blood alcohol content. The defendant therefore argued that the two Breathalyzer tests she had taken were unreliable. She also argued that she had failed the walk and turn test and the one leg stand test because she suffered a hip injury in a prior car accident.

After considering the evidence, the jury found the defendant guilty under § 14-227a (a) (1), the behavioral subdivision of § 14-227a (a), but not guilty under § 14-227a (a) (2), the per se subdivision of that statute. The court rendered judgment in accordance with the verdict and sentenced her to six months incarceration, execution suspended, and eighteen months probation. Thereafter, the court denied the defendant's motion to set aside the verdict and for a new trial. In this appeal, the defendant claims that the court improperly denied her motion to set aside the verdict and for a new trial because the jury's verdict of guilty under § 14-227a (a) (1) was legally inconsistent with its verdict of not guilty under § 14-227a (a) (2). We disagree.

"The proper appellate standard of review when considering the action of a trial court granting or denying a motion to set aside a verdict and a motion for a new trial is the abuse of discretion standard." (Internal quotation marks omitted.) *State* v. *Sanders*, 86 Conn.

App. 757, 765–66, 862 A.2d 857 (2005). "In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling. . . . Reversal is required only where an abuse of discretion is manifest or where injustice appears to have been done. . . . We do not . . . determine whether a conclusion different from the one reached could have been reached. . . . A verdict must stand if it is one that a jury reasonably could have returned and the trial court has accepted." (Internal quotation marks omitted.) *Heller* v. *D. W. Fish Realty Co.*, 93 Conn. App. 727, 730, 890 A.2d 113 (2006).

"[W]here the inconsistent verdicts claim involves a simultaneous conviction and acquittal on different offenses, the court, in testing the verdict of guilty for inconsistency as a matter of law, is necessarily limited to an examination of the offense charged in the information and the verdict rendered thereon without regard to what evidence the jury had for consideration. . . . If the offenses charged contain different elements, then a conviction of one offense is not inconsistent on its face with an acquittal of the other." (Internal quotation marks omitted.) *State* v. *Knight*, 266 Conn. 658, 667, 835 A.2d 47 (2003).

In examining the offenses with which the defendant was charged, we are guided by General Statutes § 1-2z, which provides: "The meaning of a statute shall, in the first instance, be ascertained from the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." The plain language of § 14-227a (a) indicates that subdivisions (1) and (2) of that statute contain different elements. Subdivision (1), the behavioral subdivision of § 14-227a (a), prohibits a person

from operating a motor vehicle while under the influence of intoxicating liquor. "Driving while under the influence of liquor means, under the law of Connecticut, that a driver had become so affected in his mental, physical or nervous processes that he lacked to an appreciable degree the ability to function properly in relation to the operation of his vehicle." (Internal quotation marks omitted.) *State* v. *Windley*, 95 Conn. App. 62, 66, 895 A.2d 270, cert. denied, 278 Conn. 924, 901 A.2d 1222 (2006). Subdivision (2), the per se subdivision of § 14-227a (a), on the other hand, prohibits a person from operating a motor vehicle while he has a blood alcohol content of 0.08 percent or greater. There is no reference to blood alcohol content in § 14-227a (a) (1). Similarly, there is no reference to the influence of intoxicating liquor in § 14-227a (a) (2). A conviction under § 14-227a (a) (1) is therefore not inconsistent with an acquittal under § 14-227a (a) (2). We conclude that the court did not abuse its discretion in denying the defendant's motion to set aside the verdict and for a new trial.

The judgment is affirmed.

In this opinion the other judges concurred.